## The Commonwealth *versus* Fraim.

In the appropriation act of 11th April 1848, it was provided that the *common school system* shall be held to be adopted by all the school districts in the commonwealth, and that each school district levying a tax, shall be entitled to a deduction of twenty-five per cent. of all moneys paid into the county treasury by such district, for State purposes, during the *two next ensuing school years;* which school years by a former act, were to end on the first *Monday of June* of each year: It was held that the abatement was to be limited to the taxes assessed for the school years of 1848 and 1849, and was not to extend to taxes which had been assessed for the school year commencing on the first Monday of June 1850, but which had been advanced or paid into the county treasury *before* that day.

ERROR to the Common Pleas of *Lancaster county.*

This was an application in the name of the Commonwealth *ex rel.* the School Directors of Manheim township, Lancaster county, for a *mandamus* to be issued to Miller Fraim, treasurer of Lancaster county.

The petition was as follows:—

To the honorable the Judges of the Court of Common Pleas of Lancaster county.

The petition of John S. Hostetter, Christian Hostetter, John Miller, David Harnish, John Huber, and John Gerber, school directors of the school district consisting of Manheim township, in the said county, respectfully represents:

That by an act of the General Assembly of this commonwealth, passed the eleventh day of April, A. D. eighteen hundred and forty-eight, entitled "An act to provide for the ordinary expenses of government, the repairs of the canals and railroads belonging to the State, and the payment of other claims upon the commonwealth," it is among other things enacted, "that the common school system, *from and after the passage of this act,* shall be deemed, held, and taken to be adopted by the several school districts of this commonwealth : and that the school directors of the respective school districts from which the undrawn school appropriations were taken by the act of the twenty-ninth of April, one thousand eight hundred and forty-four, entitled 'An act to reduce the State debt, and to incorporate the Pennsylvania canal and railroad company,' shall, during the month of May of the present year, levy and assess a tax, as required by existing laws, to enable school districts to receive their portion of the State appropriation : and each of said school districts in which a tax shall be so levied and

[The Commonwealth *v.* Fraim.]

assessed as aforesaid, shall thereupon receive its portion of the aforesaid appropriation of two hundred thousand dollars, and shall be entitled to a deduction of twenty-five per cent. of all moneys paid into the county treasury by such district for State purposes, *during the two next ensuing school years:* which money so deducted shall be paid to the treasurer of the board of school directors of such school district, and shall be exclusively appropriated to the erection of school-houses in such school districts." That by an act of Assembly, passed the thirteenth day of June, A. D. eighteen hundred and thirty-six, entitled "An act to consolidate and amend the several acts relative to a general system of education by common schools," it is provided that the school year shall be taken and understood *to end on the first Monday of June of each year.* That the said township of Manheim was one of the school districts from which the undrawn school appropriations were taken by the act of twenty-ninth April, eighteen hundred and forty-four, referred to, and that the school directors thereof did, during the month of May of the year eighteen hundred and forty-eight, levy and assess a tax as required by existing laws, to enable school districts to receive their portion of the State appropriation; and did in all other respects fully and faithfully comply with the requisitions of the act of assembly hereinbefore in part recited.

And your petitioners further represent that during the two school years next ensuing the passage of the said act of Assembly, that is to say, from the first Monday of June, A. D. eighteen hundred and forty-eight, to the first Monday of June, A. D. eighteen hundred and fifty, the moneys paid into the county treasury by the said school district for State purposes, amounted to the sum of ten thousand five hundred and sixty dollars and seventeen cents: by reason whereof, under the provisions of the said act, the said school district became entitled to a deduction of two thousand six hundred and forty dollars and four and one-fourth cents, being twenty-five per cent. of such moneys, to be paid to the treasurer of the board of school directors of said district, and appropriated in the manner prescribed by the said act.

And your petitioners further represent, that although the late and present county treasurers of Lancaster county have paid to the treasurer of the said board the sum of seventeen hundred and sixty-four dollars and eighty-three cents, part of the said sum, yet Miller Fraim, Esq., present county treasurer of said county, has refused to pay to Henry B. Bowman, treasurer of the board of school directors of said district, eight hundred and seventy-five dollars and twenty-one and one-fourth cents, the balance of said sum so payable as above stated, and still refuses to pay, and illegally withholds the same.

Your petitioners therefore humbly pray the court to award a writ of *mandamus,* to be directed to Miller Fraim, Esq., county

treasurer of Lancaster county, commanding him to pay to Henry B. Bowman, treasurer of the board of school directors of Manheim township school district, in the said county, the said sum of eight hundred and seventy-five dollars and twenty-one and one-fourth cents, due and payable as hereinbefore set forth, or show cause to the contrary, and upon the return thereof, to award such other writ or writs and make such further order as may be necessary in the premises, and they will pray, &c.

In the answer of Miller Fraim, it was, *inter alia*, alleged that the whole amount of tax assessed and levied and charged against

Manheim township for the year 1848 was.................. $3490.32
    Tavern and retailers' licenses for 1848,.................. 131.50

Whole amount................................................. $3621.82
Deducting for exonerations and commissions,......... 179.98

There was paid into the county treasury ............... $3441.84

The treasurer of the school district received from the county treasurer $872.58, which was $12.12 more than twenty-five per cent. on the net amount.

That the State tax assessed, levied, and charged against said

Manheim township for the year 1849 was.................. $3575.77
    Tavern, retailers' and distillers' licenses for 1849 was . 178.50

Whole amount................................................. $3754.27
Deducting amount of exonerations and commissions 185.25

                                      $3569.02

$892.25, being twenty-five per cent. on the net amount, was paid by the county treasurer to the treasurer of the school district.

It was admitted that the following payments for State purposes were made by Manheim township, into the county treasury, on account of the tax assessed and levied for State purposes by the said township for the year 1850, to wit:

1850, May 2, on account of tax of 1850.................. $   50.00
  "   June 1, on account of tax of 1850.................. 3380.35
  "   "   1, retailers' licenses, 1850...................... 7.00
  "   "   1, tavern licenses, 1850........................ 31.75

                                        $3469.10

It is alleged that the said school directors are not entitled to any percentage on the above tax of 1850 paid into the county treasury. But if entitled to any, they have no claim for that portion paid *on the 1st day of June,* A. D. 1850, because, prior to that day, the two next ensuing school years specified in the act of the 11th day of April 1848 had expired.

[The Commonwealth *v*. Fraim.]

It was asked that the petition be dismissed with costs. The 1st day of June 1850 was *Saturday*.

To the answer the relators demurred, and judgment was entered for the respondent with costs.

To this judgment error was assigned.

*Franklin*, for the school directors.—He cited the act of 8th April 1833, by the first section of which, undrawn balances were to remain in the State treasury, and accumulate for the use of the districts, for any time not exceeding two years from the 1st November 1843. The act of 1844 withdrew the right to undrawn balances. By the act of 11th April 1848, all school districts were made accepting districts, and it was provided that those districts which complied with the school system should receive a portion of the township taxes paid for *two* years. The 25 per cent. does not equal the amount which had been withdrawn from the township by the act of 1843. The act of 11th April 1848 provided that the two years should commence on the 1st Monday of June 1848, and it was contended by him that *all payments made before the 1st Monday of June* 1850 were liable to the abatement of 25 per cent. When the taxes were paid by Manheim township in May and on 1st day of June 1850, the school year for 1850 had not begun to run. That it was a fallacy to say that the payments made on and previous to the 1st day of June 1850 were not *then due and payable*. The tax had been assessed, the duplicates had been committed to the collectors, and the taxes were payable within thirty days, though the collector could not levy till the thirty days had expired. The 1st day of June 1850 was Saturday, and the school year which terminated on the first *Monday* of June had not then expired.

*Mathiot*, for the respondent.—He contended that under a proper construction of the act of 11th day of April, A. D. 1848, the relators are entitled to a percentage upon State revenue derived from their school district for *two years* only, to wit, the years 1848 and 1849, and this has been paid to them. If they have thought proper to advance the amount of their State tax for the *third year*, viz. 1850, so that its payment falls into the treasury prior to the first Monday of June 1850, this does not enable them to draw their percentage for *three years*.

The payment of the tax for 1850 was an advancement, by reason of which the township, under the act of 1844, became entitled to an abatement of five per cent.; but it was never contemplated that the school directors would set up a claim for the abatement of twenty-five per cent. upon money which was not due and payable to the commonwealth during the two school years.

The construction placed upon the act by the auditor-general, the superintendent of common schools, as well as the court below,

[The Commonwealth *v.* Fraim.]

should not be disturbed. He cited act May 31st, 1844, *Pam. Laws* 583; act April 16th, 1845, *id.* 508; act April 29th, 1844, *id.* 485; act April 11th, 1848, *id.* 521; act April 10th, 1849, *id.* 639; act May 10th, 1850, *id.* 732.

He observed that if a township which had *not* been in arrear had advanced, it would not be entitled to 25 per cent.; and that a township which had been in arrear should not be entitled to an abatement to that amount.

Mr. *Franklin* replied, that the taxes in 1850 were payable before the first Monday of June 1850, and being so payable during the school year of 1849–50, were liable to abatement.

The opinion of the court was delivered May 22, by

CHAMBERS, J.—This case depends on the construction of the act of Assembly of 11th of April 1848, in which, amongst other things, it is enacted, "that the common school system, from and after the passage of this act, shall be deemed, held, and taken to be adopted by the several school districts of this commonwealth; and that the school directors of the respective school districts from which the undrawn school appropriations were taken by the act of 29th of April 1844, entitled 'An act to reduce the State debt, and to incorporate the Pennsylvania Canal and Railroad Company,' shall, during the month of May of the present year, levy and assess a tax as required by existing laws, to enable school districts to receive their portion of the State appropriation; and each of said school districts in which a tax shall be so levied and assessed as aforesaid, shall thereupon receive its portion of the aforesaid appropriation of two hundred thousand dollars, and shall be entitled to a deduction of twenty-five per cent. of all moneys paid into the county treasury by such district for State purposes during the two next ensuing school years, which money so deducted shall be paid to the treasurer of the board of directors of such school district, and shall be exclusively appropriated to the erection of schoolhouses in such school districts."

The township of Manheim, in the county of Lancaster, was one of the school districts that had not before adopted the common school system, and from which the undrawn school appropriations were taken by the act of 29th April 1844. Under the act of 1848 recited, the school directors of that township, during the month of May of that year, did assess and levy a tax, as required by existing laws, to enable school districts to receive their portion of the State appropriation.

The whole amount of taxes assessed, levied, and charged against the township of Manheim for State purposes, and paid over to the county treasury, after exonerations and commissions, for the year 1848, was $3441.84, and of this there was paid by the county treasurer of Lancaster county to the treasurer of Manheim school

[The Commonwealth *v.* Fraim.]

district in 1849 the sum of $872.58, which was an excess of $12.12 beyond the 25 per cent. to which such district was entitled.

The total amount of taxes assessed, levied, and paid by the same township, after exonerations and commissions, to the treasurer of Lancaster county for State purposes, was the sum of $3569.02. This year's State tax was settled up on the 11th February 1850, being for the year 1849, at which time there was paid by the county treasurer of Lancaster county, to the treasurer of the Manheim school district, the sum of $892.25, being 25 per cent. on the amount of the state taxes for that township thus paid in for 1849. Are not the two yearly payments made as stated by the treasurer of Lancaster county to the treasurer of Manheim school district a full compliance with the legislative appropriation under the act of 1848 ?  The school directors say not, for that afterwards there was paid by Manheim township into the Lancaster county treasury, on the 2d May 1850, $50, and 1st June 1850, $3419.10, for State purposes, being nearly the total of the State tax of that township for the year 1850 ; and on this they claim to be paid 25 per cent. by the county treasurer, as on moneys paid in by Manheim township into the county treasury for State purposes *during* the school year which ended on first Monday of June 1850.  This is refused by the county treasurer of Lancaster county ; and by the proceeding in this matter it is sought to compel him to pay with the aid of the process of this court.  In putting a construction on this act to effectuate the intention of the legislature, reference must be had to the system of taxation within this commonwealth.  The taxes assessed in the autumn and winter of one year are collected and paid over during the ensuing year, and are called the tax of the latter year.  To induce the counties to pay their quota of State tax as early as fifteen days before the first of August of each year, an abatement of 5 per cent. is allowed ; and if the county's quota is not paid into the state treasury before the second Tuesday of January following, the county delinquent is therefore charged 5 per cent. interest.

Whilst the State encourages the payment of the State tax by the middle of July, by allowing the abatement, it does not treat the county as a defaulter until after the second Tuesday of January. The township of Manheim did not settle up its State tax for 1849 till the 11th of February 1850, and within four months thereafter pays into the county treasury $3419, being nearly the total of its tax assessed for State purposes for that year.  This unprecedented despatch, in paying over such an amount for State taxation is accounted for by the claim made of 25 per cent. on the amount last paid, which, in effect, if allowed, would be to give 25 per cent. on the State tax for a third year, instead of two.  The legislature may be supposed, in estimating the amount of their grant for building school-houses, to have had regard to the amount assessed and

[The Commonwealth *v.* Fraim.]

paid by such townships for State purposes annually, and did choose to grant as a bounty to the township for building school-houses, one-fourth of the said State tax for two years. It was not, we presume, anticipated that the townships who were to be partakers of this bounty would hasten their yearly payments, so as to crowd three years' assessments for State purposes into payments during the two school years. If payment within the time were alone the measure, then if the township had been delinquent for balances of State taxes for the previous year, and had, after the passage of the act of 1848, elected to have paid up all its arrearages within the next school year, it was, under the construction placed on the law by the claimants, to have 25 per cent. on this indebtedness.

By confining the bounty of the legislature to one-fourth of the tax assessed and paid over for the next two school years, the intention of the legislature, we believe, will be fulfilled, and the execution of the law will be certain and uniform with all the townships to which it may apply.

Statutes are to be construed so as may best effectuate the intention of the makers, which sometimes may be collected from the cause or occasion of passing the statute, and, when discovered, it ought to be followed with judgment and discretion in the construction, though that construction may seem contrary to the letter of the statute. It is said a thing within the letter of the statute is not within the statute unless it be within the intention of the makers; and such construction ought to be put on it as does not suffer it to be eluded : People *v.* Utica Ins. Co. 15 *Johns. Rep.* 381; 8 *Bac. Abr.* tit. *Statutes* 247.

Entertaining the opinion that the appropriation by the act of 1848, has been complied with by the payments made by the treasurer of the county of Lancaster to the treasurer of the Manheim school district, being 25 per cent. on the amount of the State taxes assessed and paid by that township for the two years contemplated, this court refuses the mandamus applied for to compel the payment demanded on the tax assessed and paid for a third year. To allow this would be to elude the law and extort from the treasury more than the bounty intended by the legislature. If the court should be mistaken in this construction of the act of Assembly, and are instrumental in curtailing the legislative bounty to the school directors below what was intended by the legislature, it will be competent to the legislature to remedy it by subsequent enactment.                    Petition of relators refused.