# Kauffman, Appellant, *v.* Kauffman.

*Divorce—Conviction and imprisonment for crime—Acts of May 8, 1854,*
*P. L. 644, and June 1, 1891, P. L. 142.*

The Act of May 8, 1854, P. L. 644, as amended by the Act of June 1, 1891,
P. L. 142, which declares it a cause of divorce when either of the parties
shall be convicted of forgery or any infamous crime, " and sentenced to
imprisonment for any term exceeding two years," does not apply to the
case of a respondent who has pleaded guilty to two separate charges, one
for larceny and the other for receiving stolen goods, and has been sen-
tenced to one year and six months on each of the two indictments.

SMITH, J., dissents.

Argued Dec. 18, 1903.   Appeal, No. 239, Oct. T., 1903, by
plaintiff, from decree of C. P. No. 2, Phila. Co., Dec. T., 1901,
No. 154, dismissing libel in divorce in case of Minerva Kauff-
man v. Henry H. Kauffman.   Before RICE, P. J., BEAVER,
ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.
Affirmed.

Libel for divorce.

The case was referred to Howard W. Page, Esq., as master,
who found that the respondent had been convicted of an in-
famous crime, and had been sentenced to imprisonment for
more than two years.   He accordingly recommended a decree
in favor of the libellant.

SULZBERGER, P. J., filed the following opinion:

This was a libel in divorce a. v. m., the libellant's ground be-
ing : " Third. And the libellant avers that in violation of his
marriage vow and of the laws of this commonwealth the said
Henry H. Kauffman, the respondent, was convicted within the
state of Pennsylvania for the commission of an infamous crime,
to wit : the crime of larceny, and was thereafter sentenced to
undergo imprisonment in the Eastern Penitentiary at Phila-
delphia for the term or period of three years ; that as such con-
vict his term of imprisonment is yet unexpired."

The proofs show that the respondent on October 4, 1899, be-
ing charged in the court of oyer and terminer and general jail

delivery in the county of Montgomery, Pennsylvania, with the offenses of larceny and receiving stolen goods, pleaded guilty and was sentenced to imprisonment in the Eastern Penitentiary for the period of one year and six months ; and that on the same day, in the same court, he pleaded guilty on another indictment for larceny and receiving stolen goods and was sentenced to imprisonment in the Eastern Penitentiary for the period of one year and six months from the expiration of the sentence pronounced on the bill first above mentioned.

The claim of the libellant for a divorce is founded on the provisions of the Act of Assembly of May 8, 1854, P. L. 644, as amended by the Act of June 1, 1891, P. L. 142, which declared it a cause of divorce " when either of the parties heretofore has been or hereafter shall be convicted of forgery or any infamous crime, either within or without this state, and sentenced to imprisonment for any term exceeding two years."

Two questions arise on this record :

1. Are larceny and receiving stolen goods offenses intended by the term " infamous crime," as used in the amendment of 1891?

2. Has the respondent been sentenced to imprisonment " for any term exceeding two years ? "

The first question has been much debated, and there are conflicting decisions in the common pleas court of this state ; but, so far as is known, the matter has not come before the Supreme Court. The affirmative view has been ably presented in the report of the learned master, which has been well reinforced by the careful argument of libellant's counsel. In view of the conclusion reached by us on the second point, we deem it unnecessary at this time to indicate our view on this disputed question.

The second question appears to be raised now for the first time. The language of the statute is precise. It makes the length of the term of imprisonment a necessary test of the loss of status imposed as an additional punishment on certain criminals. Of two persons convicted of the same crime, one may be subject to this additional punishment while the other may escape it. The legislative thought appears to be that, in addition to the ancient legal classifications of crimes, a new method of differentiating them is introduced, whereby the discretion

of the judges in sentencing a convict, on the one hand, to an imprisonment of two years or less, and, on the other hand, to an imprisonment of more than two years, establishes a test of the fitness of a man or woman to be recognized as a proper husband or wife.

In view of the plain language and unmistakable intent of the statute, this reasoning may not be impeached by the courts.

Had the respondent been sentenced to an imprisonment of more than two years on either bill the libellant's case would be clear. As, however, the sentence on any one bill is but for one year and six months, the libellant must be defeated, unless in some way the two sentences can be added together and the sum of the two be considered the sentence in lieu of the several sentences which are on record in court; in other words, two distinct sentences of one year and six months each must, in order that the libellant may succeed, be converted into one sentence for the period of three years.

That statutes highly penal should be construed strictly is an old and salutary rule, and that the severance of marriage relations involving, as in this case, a parting from offspring, is, when added to a sentence of imprisonment, a very severe penalty cannot be gainsaid.

We are of opinion that the words " any term exceeding two years," mean, at most, the sentence imposed on one bill of indictment. In the contemplation of law, convictions on different bills are convictions of separate offenses, and we not think that this separateness is destroyed by the fact that two convictions happened to have been had on the same day and not on different days.

The libel is dismissed at the costs of libellant.

*Error assigned* was the decree of the court.

*Glenn C. Mead*, for appellant.

No appearance nor paper-book filed for appellee.

OPINION BY BEAVER, J., March 14, 1904:

The libellant sought a divorce from her husband under the provisions of the Act of May 8, 1854, P. L. 644, as amended by the Act of June 1, 1891, P. L. 142.

The former act provides : " That, in addition to the cases now provided for by law, it shall be lawful for the courts of common pleas of this commonwealth to grant divorces in the following cases : . . . . " II. Where either of the parties shall have been convicted of a felony and sentenced by the proper court either to the county prison of the proper county or to the penitentiary of the proper district for any term, exceeding two years : Provided that such application for a divorce be made by the husband or wife of the party so convicted and sentenced."

This was amended by the latter act to read as follows : " II. When either of the parties heretofore has been or hereafter shall be convicted of forgery or any infamous crime, either within or without this state, and sentenced to imprisonment for any term exceeding two years : Provided that such application for a divorce be made by the husband or wife of the party so convicted and sentenced : And provided further, in cases where the conviction was had outside this state, that the crime for which it was had be one which by the laws of this state may be punished by imprisonment for two years or more."

The marriage of the libellant and respondent is not denied, nor are the main facts upon which the libellant bases her application. There was neither an appearance nor paper-book for the appellee but it sufficiently appears that " in July, 1899, the respondent was arrested for larceny and, after a hearing in Philadelphia, was taken to Norristown, where he was indicted for larceny and receiving stolen goods, two true bills being found by the grand jury." October 4, 1899, he pleaded guilty and, on the seventh of the same month, was sentenced to one year and six months on each of the two indictments found against him.

Notwithstanding the report of the master and the able and earnest argument of the counsel for the appellant, we are clearly of the opinion that the act refers to a conviction of a single felony followed by a sentence for a term exceeding two years and not to a conviction of several distinct offenses, the sentences for which combined exceed the statutory period. This seems to us apparent from the reading of the act itself and especially from the proviso which enacts that " in cases where the conviction was had outside this state, that the crime for

which it was had be one which, by the laws of this state, may be punished by imprisonment for two years or more." If the contention of the appellant be true, it would be equally true that, if the respondent had been convicted in different counties of several distinct felonies, the combined sentences for which would aggregate more than two years, she would have been entitled to a divorce. Surely this was not the intention of the legislature.

The opinion filed by President Judge SULZBERGER in the court below fully covers the case and needs neither comment nor elaboration on our part.

The decree is affirmed and the appeal dismissed at the costs of the appellant.

SMITH, J., dissenting:

I dissent from the conclusion reached by the majority of the court. While the present case is not strictly within the letter of the statute, it is clearly within its spirit. The evident purpose of the act was to give the injured party the remedy of divorce upon the imprisonment of the wrongdoer for more than two years. The mischief is the same whether the imprisonment be for one infamous crime, or for two, or for more, provided its aggregate exceeds two years; in fact, if conviction of one infamous crime is reason for divorce, conviction of a greater number should be held even stronger reason. The statute should be so construed as to promote the remedy, even though such construction appear contrary to the letter: Big Black Creek Improvement Co. v. Com., 94 Pa. 450; Umholtz's License, 191 Pa. 177; Com. v. Fraim, 16 Pa. 163. A remedial statute is to be extended to cases in equal mischief: Lehigh Bridge Co. v. Lehigh Coal & Nav. Co., 4 Rawle, 9. In the present case, "crime," in the statute, should be construed as "crime or crimes," and "imprisonment for any term" as "imprisonment for any period" exceeding two years. This will extend the remedy to all cases within the mischief.

In my opinion, the divorce prayed for should be granted.