66　81
101　181
66　81
f217　416

# The Commonwealth *versus* Monongahela Navigation Co.

1. The Monongahela Navigation Company is authorized to make a slack-water navigation and prohibited from engaging in transportation; the company is liable under the 7th and 8th sections of the Act of May 1st 1868 for tax on "gross receipts."

2. As the act makes the company liable for tax on transportation, it is immaterial that they are not carriers.

May 21st 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Dauphin county*: No. 73, to May Term 1870.

On the 21st of January 1869, the accounting officers of the Commonwealth settled an account against the Monongahela Navigation Company as follows, viz. :—

| | |
|---|---|
| "Gross receipts, . . . . . . | $30,005.66 |
| Tax three-fourths of one per cent., . . . | 225.04 |
| | |
| Due Commonwealth, . . . . . | $225.04" |

On the 15th of February 1869, the company appealed and filed the following specifications :—

"I. There is no law authorizing the imposition and collection of the taxes claimed in said settlement.

"II. The Monongahela Navigation Company is not a transportation company."

The company was incorporated March 31st 1836 (Pamph. L. 232), amongst other provisions of the act of incorporation were the following :—

Section 8, to "make a complete slack-water communication between the city of Pittsburg and the Virginia state line," .

Section 10, "that the president and managers shall be entitled to take and receive the same rate of *toll* per ton, or otherwise, at their discretion, as the Schuylkill Navigation Company are entitled to receive under their act of incorporation."

Section 20, "the said company shall not engage, directly or indirectly, in any banking, moneyed, commercial or manufacturing concern, or in the *transportation* or storage of any merchandise, lumber, coal, grain, flour or other articles, nor shall they hold, erect or own any lands, buildings, wharves or docks, other than such as are necessary and convenient for their business as a navigation company."

The tax was charged under the Act of May 1st 1868, Pamph. L. 108, Purd. 1536, pl. 24, 25; the sections bearing on the question are as follows :—

16. P. F. SMITH—6

" Section 7. The president, treasurer, cashier or other financial officer of every railroad company, steamboat company, canal company and slack-water navigation company, and all other companies now or hereafter doing business in this state, and upon whose works freight may be transported, whether by such company or by individuals, and whether such company shall receive compensation for transportation, for transportation and toll, or shall receive tolls only, except turnpike, plank-road and bridge companies, * * shall pay a tax upon tonnage.

" Section 8. In addition to the taxes provided for as aforesaid, every railroad, canal and transportation company liable to tax upon tonnage, under the preceding section of this act, shall pay to the Commonwealth a tax of three-fourths of one per centum upon the gross receipts of said company; the said tax shall be paid semi-annually, upon the first days of July and January; and for the purpose of ascertaining the amount of the same, it shall be the duty of the treasurer or other proper officer of said company to transmit to the auditor-general, at the dates aforesaid, a statement, under oath or affirmation, of the amount of the gross receipts of said company derived from all sources during the preceding six months," &c.

The court (Pearson, P. J.) charged that the company did " not come within the words of the statute imposing a tax on gross receipts;" that it was "not subject to a tax on its gross receipts, and the verdict must be for the defendants."

The verdict was in favor of the defendants.

The Commonwealth took out a writ of error, and assigned for error the above instructions.

*J. M. McClure* and *F. C. Brewster*, Attorney-General, for the Commonwealth, plaintiff in error.—The internal sense, not the words, make the law: Eyston *v.* Studd, 2 Plow. R. 465; Perry *v.* Skinner, 2 M. & W. 471; Dwarris on Statutes 588. They referred also to the Acts of Assembly.

*L. W. Hall* and *F. Jordan*, for defendants in error, cited Dwarris on Stat. 576, 578, 583, 584; Sedgwick on Stat. and Com. Law 227; Parkman *v.* State, 14 Md. 184; King *v.* Bolton, 8 B. & C. 74; Moser *v.* Newman, 6 Bing. 556. The company being authorized only to receive tolls is not a transportation company: Boyle *v.* Philada. and Reading Railroad, 4 P. F. Smith 310; Camden and A. Railroad *v.* Briggs, 2 Zabriskie 630; Penna. Railroad *v.* Sly, 15 P. F. Smith 205.

The opinion of the court was delivered, July 7th 1870, by

AGNEW, J.—That the Monongahela Navigation Company is not a transportation company, is settled by its charter, and by the

[Monongahela Navigation Co. v. Commonwealth.]

principles of several decisions; but whether it falls within the class called "transportation companies," as the "*nomen generalissimum*," used in the Act of May 1st 1868, for the purpose of taxation, is a different matter, and raises a question of interpretation merely. The first rule of interpreting statutes requires us to seek the legislative intent in the language of the law itself; and in so doing there seems to be no doubt that the 8th section of the Act of 1868 embraces the company before us. The 7th section makes this company liable for a tax on the tonnage carried over its works, notwithstanding it is not a transportation company, and all the transportation over its works is done by others. This is not denied, and is the necessary effect of making railroad, steamboat, canal, slackwater navigation, and all other companies upon whose works freight may be transported liable for a tax on tonnage, whether that company receives compensation for transportation, or for tolls only, or for both. The intent of the legislature being clear to make this company liable for a tax on transportation, the fact that it is not itself a carrier is immaterial. It leaves the company to deal with the actual transporters, and make their rates accordingly. In immediate and juxtaposition is the 8th section whose purpose it is to tax gross receipts only, a subject disconnected from the kind of business performed by the corporation, and whether its receipts be derived from tolls, or freight, or both. The section begins with the declaration, "That in addition to the taxes provided for as aforesaid, every railroad, canal and transportation company liable to a tax on tonnage under the preceding section of this act, shall pay to the Commonwealth a tax, &c.," on gross receipts. Now the preceding section (the 7th) had not used the phrase "transportation company," but had simply designated some companies by name, and designated others as companies upon whose works freight might be transported, as the means of bringing all under a liability for the tonnage carried over their works, whether carriers themselves or not. When the phrase "transportation companies" was used in the 8th section, it is evident it was a *nomen collectivum* to embrace all the companies described in the 7th section beside railroad and canal companies, made "liable to a tax on tonnage under the preceding section," and it was therefore intended to embrace all the steamboat, slackwater navigation and other companies "upon whose works freight may be transported." It could not be intended to refer to turnpike, plank-road and bridge companies over whose works transportation takes place, for they are expressly excepted in the 7th section and not made liable to the tax on tonnage. Besides these, there are no other known companies owning or using works for the transportation of freight, except railroad and canal companies, which are expressly named in the 8th section; unless therefore we apply the general term "transportation com-

[Monongahela Navigation Co. *v.* Commonwealth.]

panies" to steamboat and slackwater navigation companies, there seems to be no other known company made liable to the tax on tonnage in the 7th section, to which the phrase can apply.

And, in addition to this which confirms the view, there is no reason why a steamboat or a slackwater navigation company should be exempt from a tax on gross receipts only. Had the question related to tonnage only, and the doubts were, whether a slackwater navigation company not transporting tonnage, was liable for the tonnage carried over its works, it would have been one of greater difficulty. But the question being one relating to gross receipts only; and there being no doubt of the liability of the Slackwater Navigation Company for a tax on the tonnage transported over its works, it becomes evident that the legislature in using a fresh and comprehensive phrase to comprise all the companies described in the 7th section, as liable to a tax on tonnage, intended that none should be excepted from the tax on gross receipts.

We are of opinion, therefore, that the legislature meant to embrace the slackwater navigation companies described in the 7th section within the terms of the description contained in the 8th section of the Act of May 1st 1868.

> Judgment reversed, and a *venire facias de novo* awarded.