## Daniel's Case.

*Liquor law—License—Transfer—Revocation.*

Where a liquor license has been granted, but has been revoked by the
clerk for nonpayment of the license fee within the fifteen days prescribed
by the statute, and thereupon the licensee has abandoned the premises,
there can be no transfer of the license to another person, inasmuch as there
is nothing to which a petition for a transfer can attach.

Argued May 15, 1906.    Appeal, No. 168, April T., 1906, by
William Daniel, from order of Q. S. Beaver Co., March T.,
1906, No. 50, refusing to transfer liquor license in the matter
of Petition of William Daniel for transfer of license.    Before
RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD
and BEAVER, JJ.    Affirmed.

Petition for transfer of liquor license.

HOLT, P. J., filed the following opinion:

On February 10, 1906, August Shifler and Ferdinand J.
Fournier presented their petition asking that a retail license be
granted to them for what is known as the Grand Hotel in the
Borough of Beaver Falls, in said county.

Before the filing of said petition the court fixed by standing
order March 7, 1906, for hearing in the above-mentioned ap-
plication, and other similar applications, for liquor license, for
the year beginning April 1, 1906.

On March 12, 1906, the evidence and the arguments of
counsel having been previously heard, the prayer of the peti-
tioners was granted and the following order made : " March
12, 1906, after hearing the evidence, upon due consideration,
bond approved and license granted."

The petitioners failed to pay the license fee to the treasurer
of Beaver county within the period of fifteen days next fol-
lowing the granting of the said license and to produce the
treasurer's receipt therefor to the clerk of said court, and at
the expiration of the said period of fifteen days the said clerk
indorsed upon the original application the following order :
" March 28, 1906, the within applicants not having filed the

receipt of the treasurer of Beaver County as required by the Act of Assembly within fifteen days, the within application and grant revoked."

On March 28, 1906, after the above-mentioned order of the clerk had been made and entered, the applicants presented a petition in open court setting forth the fact of the grant of the license as aforesaid, and "that owing to a mistake or a misunderstanding your petitioners failed to pay to the county treasurer the sum of money directed in Section 8 of said Act, within fifteen days after the granting of the same, believing that the present date, to-wit, the 28th day of the present month, the same could have been paid and received by the county treasurer; but on inquiry made this 28th day of March, your petitioners learned that no license would be issued, and that the license heretofore granted had been revoked, and praying for a rehearing in order that a license might be granted to them for the place described in the original petition."

After hearing the arguments of counsel upon the said application for a rehearing, we made the following order: "And now, April 4, 1906, rehearing refused and petition dismissed."

On April 9, 1906, the Grand Hotel Company, the owner of said hotel, presented its petition to the court, averring the fact of its ownership of said hotel; that said premises have been used for a hotel for the past seventeen years and that the same has been liberally patronized by strangers and travelers; that on February ——, 1906, the said hotel company leased the said premises to the said August Shifler and Ferdinand J. Fournier for hotel purposes, and that in accordance therewith the said August Shifler and Ferdinand J. Fournier presented their petition on February 10, 1906, to the above number and term, praying for a license to sell liquors retail; the grant of the said license as above set forth: that the said August Shifler and Ferdinand J. Fournier neglected and refused to pay to the county treasurer the sum of money directed by law for said license within fifteen days after the granting of the same, and that they have closed said hotel and removed from the premises without any intention of returning and resuming the business, that by reason of said neglect and refusal to pay said license removal and closing of said hotel the public is left with-

out any suitable and necessary accommodations, and extreme inconvenience will result to strangers and the traveling public, and that the petitioner would suffer great and irreparable loss of business; and praying the court to grant a license to William Daniel for the remainder of the year, and so forth.

Accompanying the said petition of the Grand Hotel Company is the petition of William Daniel, setting forth the fact of the grant of a license to the said August Shifler and Ferdinand J. Fournier as above set forth, and praying that the court transfer and direct that said license issue to him, the said William Daniel, upon the showing of facts as set forth in the said petition of the Grand Hotel Company, and the payment of such sum of money as required by law.

Upon the filing of the said petitions of the Grand Hotel Company and Willian Daniel, we made the following order: "Filed April 9, 1906, and hearing fixed for 9 o'clock a. m., April 16, 1906."

At the hearing on April 16, 1906, counsel for the petitioners admitted that the said August Shifler and Ferdinand J. Fournier did not close said hotel and remove therefrom until April 5, 1906.

Under the facts above set forth we are called upon to make a transfer of the license granted March 12, 1906, or to grant a new license to the said William Daniel.

The petition of the Grand Hotel Company avers that the said August Shifler and Ferdinand J. Fournier " neglected and refused to pay the sum of money required by law within the fifteen days after the granting of said license. This allegation is not according to the facts in the case. They neglected to pay the fee required by law, but did not refuse to make the payment.

Section 9 of the Act of May 13, 1887, P. L. 108, in relation to the matter of payment of fees for liquor licenses, reads as follows : " If any person or persons shall neglect or refuse to pay the city or county treasurer the sum of money directed in Section 8 within fifteen days after his, her or their application for license has been granted by said court, then and in that case the said grant shall be deemed and held revoked and no license issued. It shall be the duty of the person or persons

whose application has been granted by the said court to pay the said sum of money to the said treasurer within the said fifteen days, and forthwith produce to, and file with, the clerk of the court the receipt of the said treasurer therefor, and upon any default, the said clerk shall forthwith mark said application and grant 'Revoked."

The section of the act of 1887 above quoted, is imperative, and it seems to us that there is nothing before the court to transfer or upon which to act, under the facts alleged in the petitions for a rehearing and transfer of license. This case is ruled by the Appeal of D. C. Gibboney, reported in 6 Pa. Superior Ct. 323, wherein the following facts appeared: Lawrence Wacker filed an application for a bottler's license. A remonstance was filed by the Law and Order Society. On May 14, 1897, a bottler's license was granted. On May 30, 1897, in obedience to the Act of June 9, 1891, P. L. 257, the grant was revoked for nonpayment of license fee within fifteen days. On July 8, 1897, Wacker presented a petition to extend the time of payment, which was granted. On July 9, 1897, a receipt of the city treasurer for the license fee was filed and the license issued. The opinion of the Superior Court was delivered by ORLADY, J., who among other things, said: "The applicant did not comply with the provisions of section 7 of the Act of June 9, 1891, P. L. 257 (the act in relation to wholesale licenses, which, so far as the payment of the fee and production of receipt are concerned, is the same as the act of 1887). The clerk of the court of quarter sessions noted of record the default of the applicant as follows: 'And now, to wit: May 30, 1897, the application and grant to Lawrence Wacker for bottler's liquor license at 810 North Forty-eighth street, Thirty-fourth ward, is hereby revoked for nonpayment of license fee within fifteen days.' On July 8, fifty-six days after the license had been revoked, Wacker presented his petition to the court, in which he gave reasons for the default, and said 'he had been disappointed in securing the necessary money to pay the license fee from an expected source, and had made a number of efforts to get the money elsewhere, but was unsuccessful.' On this petition the court extended the time within which to pay the license fee, and indorsed it 'License Granted.' July 9, Wacker paid the county treasurer the

license fee, filed in the office of the clerk of the court of quarter sessions a proper receipt therefor, and received from that official a bottler's license for the year from January 1, 1897. . . . The applicant had, under the statute, fifteen days within which to decide whether he would accept or refuse. That time is definitely fixed by the statute and cannot be extended by the court. The subsequent action of the court was without statutory authority. The whole proceeding is founded upon the statute, and the right to this license ceased when the applicant made default in not paying within the prescribed time. . . . The license was properly revoked by the clerk."

The petitioner has cited the appeal of Jonathan A. Umholtz, 191 Pa. 177, as controlling the present case in his favor. In that case a license had been granted to one Hamburg, who, before the expiration of the fifteen days next following the grant of his license, removed from the premises and left the state without any intention of returning and taking charge of the business at the hotel. The license fee had not been paid within a period of fifteen days and the license was marked " Revoked " by the clerk. Umholtz, who was the owner of the hotel, presented his petition to the court of quarter sessions, setting forth the facts, and praying that the license granted to Hamburg be transferred to him, according to section 7 of the Act of 1858, P. L. 365. The court of quarter sessions granted the prayer of the petitioner, and upon appeal to the Superior Court the order of the court below was reversed on two grounds: (a) That in contemplation of law a license is not deemed granted until the fee is paid and the receipt therefor produced to the clerk; (b) that the license having been revoked for nonpayment of fee there was no license to transfer to Umholtz. Upon appeal to the Supreme Court the order of the Superior Court was reversed and the decree of the court of quarter sessions was affirmed. Mr. Justice GREEN, in delivering the opinion of the Supreme Court, in that case, held that the 7th section of the above-mentioned act of April 20, 1858, was not repealed by the act of 1887. Section 7 of the act of 1858 contains the following provision: "But if the party licensed shall die, remove or cease to keep such house, his, her or their license may be transferred by the authority granting the same, or a license may be granted to

the successor of said party for the remainder of the year by the proper authority, on compliance with the requisitions of the law in all respects except publication, which shall not in such case be required."

As to the first point relied upon by the Superior Court, Mr. Justice GREEN held that a license is in contemplation of law, granted from the time the court makes the order, and that the person to whom the license is granted, is, upon the making of the order, a " party licensed," and that the party licensed having removed from the hotel and the state with no intention of returning, the case was within the provisions of the above-mentioned section of the act of 1858. The license, therefore, in that case did not lapse, for the reason that the " party licensed," removed from the hotel while the license was in force, and the provisions of the act of 1887 did not apply. This is the ground, as we gather it from the opinion, upon which Mr. Justice GREEN based his decision.

In the case at bar, August Shifler and Ferdinand J. Fournier neglected to pay the fee within the period of fifteen days, and subsequently asked a rehearing in order that they might be permitted to have a license granted to them, and that they might be allowed to pay the fee ; they continued to keep the hotel open until after the order of the court was made refusing to grant them a rehearing. The petitioners aver that the said Shifler and Fournier have closed the said hotel and removed therefrom without any intention of returning thereto. We do not think that the case is ruled by Umholtz's Appeal, 191 Pa. 177. Shifler and Fournier the " parties licensed " did not remove from or cease to keep the hotel at a time when their license was in force. Their new license ceased to exist with the close of March 27, 1906, upon their neglect to pay the fee within the period of fifteen days next after the granting of the same. They did not close the hotel and remove therefrom until April 5, 1906, which was nine days after their new license ceased to exist and five days after their former license had expired. If Shifler and Fournier were not in a position to receive a license, we do not see how a case for a license could be made by the mere fact of their removal from the hotel at a time when no license existed. We are therefore of the opinion that there is no license in being to be transferred to the petitioner, William

Daniel, and we are also without any authority of law to grant him a license.    Petition is dismissed.

*Error assigned* was the order of the court.

*John A. Elliott*, with him *J. Rankin Martin*, *Weyand & Moorehead* and *H. H. Patterson*, for appellant.

*Frank E. Reeder*, with him *J. F. Reed*, for appellee.

OPINION BY BEAVER, J., May 23, 1906 :

The opinion of the court below fully covers all the questions involved in this case. The statement of facts therein contained shows that at the time the former occupants of the hotel removed therefrom no license was in existence and there was, therefore, nothing to which the petition could attach.    In this respect the case differs in its essential facts from Umholtz's License, 191 Pa. 177.

We can profitably add nothing to what the court below has said in the very full opinion refusing the prayer of the petitioner and dismissing the petition.    The order is, therefore, affirmed.