## Commonwealth v. Folk.

*Criminal law — Motor-vehicles — Bailments — Refusal to furnish descriptions—Act of June 30, 1919.*

1. The bailee of a motorcycle, held under lease with option to purchase, is not punishable under the Act of June 30, 1919, P. L. 702, for failure or refusal to give to the bailor, after forfeiture of the lease and repossession of the machine, the descriptions of such motorcycle specified in the act.

*Practice, Q. S.—Motion in arrest of judgment—Insufficiency of evidence— Conversion of motion in arrest of judgment into rule for new trial.*

2. A motion in arrest of judgment can be granted only upon defects apparent on the face of the record, and never on an allegation of insufficiency of evidence. Where, however, the evidence does not warrant a conviction, the motion should be converted into a rule for a new trial, and as such made absolute.

Motion in arrest of judgment. Q. S. Berks Co., June Sess., 1921, No. 112.

*William B. Bechtel* for defendant and motion; *Rothermel & Mauger,* contra.

ENDLICH, P. J., Nov. 21, 1921.—The defendant in this case was indicted under the Act of June 30, 1919, P. L. 702. That statute provides in section 2: "That from and after the passage of this act, it shall be unlawful for any person to sell, convey, transfer or pass title to any used motor-vehicle, unless he shall at or before such sale, conveyance, transfer or passage of title,

1 D. & C.

deliver to the vendee, buyer or transferee thereof a full description of such used motor-vehicle in duplicate," etc.; and section 10 makes a violation of any of the provisions of the act a misdemeanor, punishable, upon conviction, by a fine or imprisonment, or both. On the trial of the case there was no conflict in the evidence. The defendant, in May, 1920, had received from the prosecutor a motorcycle under a contract of lease or hiring providing for weekly payments of $10 each. Thereupon the defendant, being rightfully in possession, secured from the State Highway Department a license in his name to operate the motorcycle. In April, 1921, the defendant was in arrears in his payments for the motorcycle, and was also indebted to the prosecutor for repairs to the same. On April 23rd he executed and delivered to the prosecutor a paper transferring his interest in the motorcycle, which paper is as follows:

"Reading, Pa., April 23, 1921.

"I, Clarence Folk, of 1716 No. 3rd St., Reading, Pa., hereby make statement that I transfer the instalment account Excelsior 1920 model motorcycle No. 103,516, and side car, over to my brother, Hiester Folk, of same address, with the understanding that he make payment in full before April 27, 1921, also repair bill of March 7, 1921, amounting to $95.45; otherwise the machine be forfeited.                         (Signed)    CLARENCE C. FOLK."

"In witness thereof: Thomas Bohn."

Hiester Folk, named in this paper, did not make the payments designated therein before April 27, 1921, nor at any time thereafter, nor did he or the defendant at any time, before prosecution or since, offer to make any payment on account of said indebtedness. The prosecutor, on the basis of this default, repossessed himself of the machine, and, in pursuance of the transfer as set forth in the paper of April 23, 1921, and after failure of Hiester Folk to make the payments specified, demanded of the defendant a written statement, verified by affidavit, as prescribed in section 2 of the Act of 1919. The defendant refusing to deliver the descriptions to the prosecutor, this prosecution was brought, the verdict rendered by the jury being one of guilty.

It will be noted that what is prohibited and punished by the Act of 1919 is the selling, conveyance, transfer or passing of title to any used motor-vehicle without observing the directions of the statute. All of the words employed except the word "transfer" indicate that the command of the statute is addressed to the owner of the machine when disposing of his right of property therein, and the act, being highly penal, falls under the rule of strict construction. It seems very clear that the word "transfer," in the connection in which it is used, takes its meaning from the words with which it is associated. The rule *"noscitur a sociis"* is one of construction which is well recognized in our law, and for illustrations of which it is enough to refer to Com. *v.* Navigation Co., 66 Pa. 81, 83, and Taggart *v.* Com., 102 Pa. 354, 364. It is, however, at least equally clear that, at the time of the transaction evidenced by the paper of April 23rd and of the prosecutor's repossessing himself of the machine, the defendant was not the owner of and could not pass a title to it. He was the bailee of the prosecutor with an option to buy. The owner of it was the prosecutor himself. Whatever else may be the defendant's liability, he cannot be said to have committed the crime declared and punished by the Act of 1919.

If what has been said is correct, it follows that the verdict of conviction rendered by the jury cannot properly be sustained. But the motion in arrest of judgment hardly reaches the needs of the case. It can be granted only upon defects apparent on the face of the record, and never upon an allegation

Commonwealth v. Folk.

of insufficiency of evidence. See cases cited in Com. v. Cotter, 5 Berks Co. L. J. 254, 260. Under these circumstances, it seems legitimate to resort to the expedient adopted by Judge Woodward in Gring v. Burkholder, 2 Woodw. 82, of converting one application into another and granting the latter—a practice familiar in this court.

And now, Nov. 21, 1921, it is ordered that a rule for a new trial be entered as of June 17, 1921, nunc pro tunc, that the motion in arrest of judgment be denied, and that the rule for a new trial be made absolute.

From Wellington M. Bertolet, Reading, Pa.