## Vitko v. Pennsylvania Liquor Control Board

*Weimer & Bennett,* for appellant.

*John M. Walker,* Deputy Attorney General, for appellee.

GREER, J., July 12, 1935.—This is an appeal from the Pennsylvania Liquor Control Board, and its grounds are simply that the applicants have answered properly the various questions submitted in the form prescribed by the board, and having so done the board is bound by said answers and must of necessity grant a license to the applicants.

In addition to the answers on the prescribed form it is agreed that the deed to the premises sought to be licensed contains the following reservation:

"This conveyance being under and subject to the exception and reservation that no vinous, spirituous, malt, brewed, distilled, or intoxicating liquors shall be sold or kept for sale on the said premises . . . upon any violation of the said exception and reservation the said premises to immediately revert to the said parties of the first part (Mary A. Cook and Howard C. Cook)."

The position of applicant is wholly untenable for a number of reasons, among which are:

1. Section 402 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, gives power to the board to prescribe the form of written application. Had the

board seen fit to add to its present form the question: "Is there any limitation upon your property, prohibiting the presence, sale, or manufacture of liquor on your premises?" the applicants in this instance would have had to make reply that such limitation did exist and consequently one of the provisions of the board necessary for the grant of the license would have been wanting.

2. Section 3 of the act interprets it as an exercise of the police power of the Commonwealth for the protection of public welfare, health, peace and morals of the people of the Commonwealth. Its primary purpose, therefore, is not to produce revenue.

The premises sought to be licensed were conveyed by the original owner of a parcel of land subdivided into lots, each of which, when sold, was conveyed with the identical limitation found in the deed of the applicants restricting the grant in the matter of the sale and possession of intoxicating liquors. This doubtless was done with the intention to protect the various lot owners in the very matters referred to in the section of the act just quoted, namely, to promote public welfare, health, peace and morals of the community. Doubtless it was an inducement to peaceful and law abiding people to purchase land with such protection afforded them, and having thus purchased on the strength of this inducement, and having improved the land thus purchased by the erection of homes, it is futile for the original grantor to attempt by a quitclaim deed to enlarge the original grant as to any one property, and thereby permit that to be done which in the beginning the whole community were assured by the nature of their grant would never come to pass.

3. The courts have not construed acts of assembly of this nature to have the inelasticity contended for by counsel for the applicants, but on the contrary have given them an interpretation conformable to their general purpose, to the end that they may effectuate the intention of the legislature even though such construction may seem

contrary to the plain letter of such acts: Revocation of Wolf's License, 115 Pa. Superior Ct. 514.

The board as an extrajudicial body has not only the powers literally conferred on it by statute, but also such powers as are implied necessarily from the grant of these statutory powers: Commonwealth v. Eclipse Literary and Social Club, 117 Pa. Superior Ct. 339, 345, citing Day v. Public Service Comm. et al., 312 Pa. 381, 37 C. J. 240, sec. 97.

4. Such powers are to be exercised primarily for the public good, and secondarily for private interest, and upon the merits of each case in accordance with the rule laid down by the act of assembly: In re People's Investment Co., Inc., 56 Pa. Superior Ct. 90, 93 (Rice, P. J.).

It should be remembered, too, that a license is merely a permit or privilege to do what otherwise would be unlawful, and it is not a contract between the authority, federal, state, or municipal, granting it, and the person to whom it is granted: neither is it property or a property right; nor does it create a vested right; nor is it taxation: 37 C. J. 168; Commonwealth v. Mutual Union Brewing Co., 252 Pa. 168.

As was said in Umholtz's License, 191 Pa. 177, 181: "It must also be understood that it is a law we are interpreting and not a contract between private parties. All legislation, especially that which regulates proceedings in the courts, is of a broader and more comprehensive scope, and is couched in more generic language than is employed in the drafting of private contracts, and requires an interpretation conformable to its general purpose. Thus statutes are to be so construed as best to effectuate the intention of the legislature, though such construction may seem contrary to the letter: Com. v. Fraim, 16 Pa. 163; Com. v. Monongahela Nav. Co., 66 Pa. 81."

Indeed section 3 of the act expressly recognizes this manner of interpretation in precise language stating that its provisions shall be liberally construed for the protec-

tion of the public welfare: Revocation of Wolf's License, supra.

In our opinion the refusal of this application does not turn merely on an interpretation of the paragraph in the deed of applicants relating to restrictions as to sale of liquors and as to whether or not such restriction runs with the land or is personal to the original grantor, and certainly the board should not be expected to be either very astute or extremely eager to interpret this clause favorably to the contention of the applicant, but rather should look upon it in the broader sense as affecting the entire neighborhood and with relation to the intent and purpose of the statute itself. Nor can it be successfully argued that the board by prescribing a form thereby binds itself in its own fetters. The power to create a form in the nature of a questionnaire implies the power to amend or add to such form. The power of the Liquor Control Board is not "canalized" within the banks of the form prepared by the board for regulating the sale of liquors, but in addition to the qualifications therein prescribed other pertinent matters may properly be inquired into affecting the protection of the public welfare, health, peace and morals of the people of the Commonwealth, and all the provisions of the act are to be liberally construed for the accomplishment of this purpose.

In our review of the action of the board in refusing this application we find no abuse of discretion, and on the contrary are of the opinion that the discretion vested in the board was rightfully exercised in the present instance.

This appeal, therefore, is dismissed at the cost of appellant. From Henry W. Storey, Jr., Johnstown.