# Quinn *versus* Fidelity Beneficial Association.

The Act of April 24th 1857, Pamph. L. 318, authorized suits to be brought against insurance companies in the county where the "property insured" may be located. By a supplement of April 8th 1868, Pamph. L. 70, it was enacted that "all provisions" of said Act of 1857 "shall apply to life and accident insurance companies." *Held,* that under said acts suit may be brought against a life insurance company in the county where the person insured resided.

April 19th 1882. Before SHARSWOOD, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ. MERCUR and PAXSON, JJ., absent.

ERROR to the Court of Common Pleas of *Schuylkill county :* Of January Term 1882, No. 392.

Debt, by Patrick Quinn, against The Fidelity Beneficial Society on a policy of insurance, issued by the defendants on

[Quinn *v.* Fidelity Beneficial Association.]

the life of Francis Quinn, plaintiff's father, in the sum of two thousand dollars.

The plaintiff and his father were residents of Schuylkill county, and the defendant, a life insurance company, chartered by the laws of Pennsylvania, has its principal office at Elizabeth town, Lancaster county.

On December 19th 1881, plaintiff issued a writ, in the Common Pleas of Schuylkill county, directed to the sheriff of Lancaster county, commanding him to summon the defendant to appear before the Common Pleas of Schuylkill county; relying on § 1 of the Act of April 24th 1857, P. L. 318, P. D. p. 802, pl. 53, which provides as follows:

"In addition to the remedies now provided by law it shall be lawful for any person or persons, body politic or corporate, who may have a cause of action against any insurance company incorporated by the Legislature of this Commonwealth, or against any insurance company that may have an agency established in this Commonwealth, to bring suit in any county where the property insured may be located, and to direct any process to the sheriff of either of the counties in this Commonwealth; and it shall be the duty of said sheriff to execute all process directed to him under the provisions of this Act, upon the president or other chief officers of the company against whom the same issued, as he shall be directed, or upon the agent of any company not incorporated by the Legislature of this Commonwealth; and the manner of service and return shall be in the same manner as like process is now by law required to be made, and the same shall be returned to the court issuing the same; and all proceedings upon any suit not under this act shall be the same as in other cases."

The plaintiff also relied upon the supplement of April 8th 1868 (P. L. p. 70), which is as follows:

"Section 1. That all provisions of the Act of Assembly approved the 24th of April, 1857, entitled : ' an act relative to the insurance companies,' shall apply to life and accident insurance companies."

Service of the writ was accepted for the defendant, de bene esse, who afterwards took a rule on plaintiff to show cause why the summons and all proceedings thereon should not be set aside for matter of record, which rule was made absolute, no opinion filed.

The plaintiff thereupon took this writ of error, assigning for error the decree of the court in making absolute the above rule.

*James B. Reilly*, for plaintiff in error.—To hold that the Act of 1868 does not extend the provisions of the Act of 1857

to life and accident insurance companies, so as to authorize suit to be brought in the county where the person insured resided, is to render it entirely inoperative; contrary to the well established principle that a statute must be so construed as to give it operation, if the language will permit: *Howard Association's* appeal, 20 P. F. Smith 344. As a remedial statute this should be liberally interpreted, and the intention of the makers carried out rather than the letter of the act : Dame, Seymour & Co.'s Appeal; 12 P. F. Smith, 417; Commonwealth *v.* Fraim, 4 Harris 169 ; Bradbury *v.* Wagerheist, 4 P. F. Smith 180 ; Commonwealth ex rel. Wolfe *v.* Butler, 11 W. N. C.

*M. M. L' Velle*, for defendant in error.—It has been decided in Keller v. Mutual Life Ins. Co., 2 Pearson, 248 in Common Pleas of Dauphin county, and in Anspach *v.* The Guardian Mutual Aid Society, 10 W. N. C. 568, by the Common Pleas of Lebanon county, that insurance on human life is not " property insured " within the meaning of the Act of 1857, and its supplement of 1868. In a policy of life insurance, all the incidents of " property insured " are wanting.

If the construction contended for by plaintiff in error is maintained, a corporation might have a number of different suits to answer at the same time, issuing out of as many jurisdictions, and the attendance of its officers and the production of its books, might be necessary in all these places at once.

Mr. Justice STERRETT delivered the opinion of the court, October 2d 1882.

In addition to the remedies theretofore provided by law the act of April 24th 1857, Purd. 802, pl. 53, declares it shall be lawful for any one who may have a cause of action against an insurance company, " to bring suit in any county where the property insured may be located, and to direct any process to the sheriff of either of the counties of this Commonwealth," etc. Prior to the passage of that act, the class of suitors, intended to be benefited thereby, was obliged to seek redress in the courts of the county where the insurance companies might be located. This was generally attended with great inconvenience and expense in procuring testimony and securing the attendance of witnesses at points often very remote from their homes and the locality of the loss. In view of these and other considerations, and for the purpose of providing a suitable remedy, the Act of 1857 was doubtless passed; but, the language employed did not clearly include life and accident insurance companies, both of which were equally within the mischief that required a remedy, and hence the supplement of April 8th 1868, P. L. 70, was

[Appeal of Buehler and Fairlamb.]

passed, declaring that all the provisions of the former act "shall apply to life and accident insurance companies."

While the legislative intention is not as clearly expressed as it might have been, we have no doubt the supplement was intended to authorize suits to be brought against life and accident insurance companies in the county where the person insured resided, where the subject of the risk insured against was domiciled or located. A consideration of the reasons which evidently prompted its enactment also tends to sustain this view of the supplement. If it is not susceptible of that construction it is utterly nugatory and meaningless. Such a conclusion would not harmonize with the principle that every statute should be so construed as to give it operation, if the language will permit. A remedial statute, such as this supplement evidently is, should receive a liberal interpretation in advancement of the remedy contemplated.

In view of these considerations, we are of opinion that the learned court erred in making the order complained of.

Decree reversed and procedendo awarded.