## Commonwealth ex rel., Appellant, *v.* Summerville.

*Statutes—Implication—General and special acts—Poor law.*

Statutes of a general nature do not repeal by implication charters and special acts passed for the benefit of particular municipalities, but they do so, when this appears to have been the purpose of the legislature. If both the general and the special acts can stand, they will be construed accordingly. If one must give way, it will depend upon the supposed intention of the lawmaker, to be collected from the entire course of legislation.

The Act of June 4, 1879, P. L. 78, entitled, " An act to create poor districts, and to authorize purchase of lands and erection of buildings to furnish relief and give employment to the destitute, poor and paupers in this commonwealth," was intended to establish a general system for the relief and employment of the destitute poor throughout the state, and repeals such local acts as the Acts of March 21, 1865, P. L. 501, April 11, 1866, P. L. 608, and April 10, 1873, P. L. 763, relating to Clarion county. The twenty-first section of the act of June 4, 1879, does not save from repeal the local acts relating to Clarion county, inasmuch as on June 4, 1879, no poorhouse had been erected or was managed or controlled under any local act in Clarion county, nor had lands been purchased or poorhouses commenced to be built.

The exception of a particular thing from general words in a statute proves that in the opinion of the lawgiver, the thing excepted would be within the general clause had the exception not been made.

Argued Oct. 15, 1902. Appeal, No. 130, Oct. T., 1902, by plaintiffs, from order of C. P. Clarion Co., May T., 1902, No. 267, refusing a writ of mandamus in case of Commonwealth ex rel. W. J. McEntire and J. H. Elliott, Overseers of the Poor District of Clarion Borough, and John Japes and Anson Beatty, Overseers of the Poor of Edenburg Borough, and J. T. Reinsel, District Attorney of Clarion County, v. J. A. Summerville, W. S. M. Fleming and J. S. Saxton, County Commissioners. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Petition for writ of peremptory mandamus.  Before WIL-
SON, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was order refusing writ of peremptory man-
damus.

*Harry M. Rimer,* with him *Harry E. Rugh,* and *Don C.
Corbett,* for appellant.—The act of 1879 repealed the local
acts: Bruce v. Pittsburg, 166 Pa. 152; Oliver's App., 101 Pa.
299; Brown v. Maryland, 12 Wheaton, 419, 438; U. S. v.
Dickson, 15 Pet. (U. S.) 141; Dillon on Municipal Corpora-
tions, sec. 87; McCleary v. Allegheny County, 163 Pa. 578;
Johnston's Estate, 33 Pa. 511; Mullins v. Surrey Co., L. R. 5
Q. B. Div. 170; Gibbons v. Ogden, 9 Wheaton, 1, 191; Tink-
ham v. Tapscott, 17 N. Y. 141; Com. v. Schneipp, 166 Pa.
401; Chalfant v. Edwards, 176 Pa. 67; Fenner v. Luzerne
Co., 167 Pa. 632.

*George F. Whitmer,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 5, 1903:

The appellants were the petitioners below for a writ of man-
damus to compel the appellees, commissioners of the county of
Clarion, to purchase real estate and erect buildings for the ac-
commodation of the poor of that county and to furnish them
relief and give them employment, in accordance with the pro-
visions of the Act of June 4, 1879, P. L. 78.  The writ was de-
nied, for the reason that local acts relating to the erection of a
poorhouse in the county had not, in the judgment of the court
below, been repealed at the time proceedings were instituted
under the act of 1879, which was on June 20, 1898.  On that day
a petition, as required by the act, was presented to the court
of quarter sessions of the county, in pursurance of which an
election was ordered, resulting in a vote in favor of purchasing
real estate and erecting buildings thereon, that the design and
purpose of the act might be carried out.  The commissioners,
however, refused to act, alleging that the act of 1879 was not
in force in their county, in which view, as just stated, they were
sustained by the court below.

The local acts held by the court below to have been in force were, Act of March 21, 1865, P. L. 501 ; Act of April 11, 1866, P. L. 608, and act of April 10, 1873, P. L. 763. By the first, the commissioners of Clarion county were authorized to " exercise and perform all the duties of directors of the poor of the said county, " and to select and purchase such real estate as they might deem proper and necessary for the support and employment of the poor of the county, and take conveyance of the same, in the name and for the use of the said county ; and they were directed to proceed to build such buildings as might become necessary for the reception and employment of such persons as might be a public charge on the townships of the said county, and to increase and enlarge said buildings and accommodations as the same might become necessary. To enable them to do these things, they were authorized to increase the county taxes. The act of April 11, 1866, which was a supplement to that of 1865, provided for the appointment, first, and then the election, of three suitable persons to be directors of the poor of the county, who were " created and constituted a body politic and corporate, by the name, style and title of the Directors of the Poor of Clarion county," and upon whom were imposed all of the duties that the act of 1865 had directed the county commissioners to perform. The act of 1873 was for the erection of a poorhouse in the township of Piney, in the county of Clarion, with a provision that it might be lawful for any township or borough in the said county to accept its liabilities and privileges. Nothing, so far as is disclosed by the record, was ever done under this last act, and the admission of the appellees is, " that at the date of the passage of the act of June 4, 1879, there had not been erected poorhouse or home for the relief of the destitute, nor were there at that time any controlled or managed, nor had lands been purchased or poorhouse commenced to be built, within the said county of Clarion or said Poor District."

The act of June 4, 1879 is entitled, " An act to create poor districts, and to authorize purchase of lands and erection of buildings to furnish relief and give employment to the destitute, poor and paupers in this commonwealth." Its first section is, " That for the purpose of furnishing relief to the poor, destitute and paupers, giving them employment, and carrying out the provisions of this act, each county of this commonwealth is

hereby created a district, to be known as '. . . . county poor district.'" It places the management of the poorhouse in the hands of the county commissioners, instead of the directors of the poor of Clarion county. The commissioners cannot purchase real estate and erect buildings until authorized to do so by a popular vote, but, by the acts of 1865 and 1866, no such popular approval was required. The conveyance and title for the real estate to be acquired for the use of the county poor district are to be made and taken in the name and for the use of the poor district. By the local acts, the money for the purchase of the land and the erection of the buildings and the expenses of maintaining them, was to be provided for by a county tax, while, under the act of 1879, there is to be a taxation for poor purposes; and, to enable the commissioners to carry out the provisions of the act, they are authorized to issue bonds to be payable by the poor district. "The act of June 4, 1879," as was said in Jenks Township Poor District v. Sheffield Township Poor District, 135 Pa. 400, "was intended to establish a general system for the relief and employment of the destitute poor throughout the state. The general plan or purpose of the act is that each county shall be or become a single poor district." Contrasting the provisions of the acts of 1865 and 1866 with those of 1879, it is most manifest that the legislative intent was that those of the latter were intended as a substitute for the former, and, in such case, although the later act contains no express words to that effect, it must, on principle, as well as in reason and common sense, operate to repeal the former: Johnston's Estate, 33 Pa. 511; Best v. Baumgardner, 122 Pa. 17. "The rule of construction on this subject has been stated in Johnston's Estate, 33 Pa. 511, where it is held, following Harcourt v. Fox, 1 Shower's R. 506, an affirmative statute introductive of a new law on the same subject does imply a negative of the former law, if they are repugnant. Or, as stated in Dillon on Municipal Corporations, section 87, for which he cites cases in our own and many other states : 'It is a principle of very extensive operation, that statutes of a general nature do not repeal by implication charters and special acts passed for the benefit of particular municipalities ; but they do so, when this appears to have been the purpose of the legislature. If both the general and the special acts can stand, they will be

construed accordingly. If one must give way, it will depend upon the supposed intention of the lawmaker, to be collected from the entire course of legislation : ' " McCleary v. Allegheny Co., 163 Pa. 578.

That the legislature intended the act of 1879 to be not only a substitute for prior local acts upon the same subject-matter, but that it should operate as a repeal of them, is most manifest from the twenty-first section, which is : " This act shall not be construed to repeal any local act or acts under which poorhouses or homes for relief of the destitute have been erected or are now managed or controlled, nor repeal any general law under which lands have been purchased or poorhouses have been commenced to be built." So clearly did the legislative mind think it had expressed itself in the first twenty sections as intending to repeal all local acts, and that its intention would be so understood, that it inserted the last and saving clause, where, if the appellants cannot find their exemption from the act, there is none for them. When the legislature declared what local acts alone should be saved from repeal by this substitutionary act, those not within the exception were without it. What was not saved by the act fell under it, and the legislative intent cannot be understood otherwise. On June 4, 1879, no poorhouse and home for the relief of the destitute had been erected or was managed or controlled under any local act in Clarion county, nor had lands been purchased or poorhouses commenced to be built; and the county is not within the saving clause of the act: Expressio unius est exclusio alterius. " The exception of a particular thing from general words proves that, in the opinion of the lawgiver, the thing excepted would be within the general clause, had the exception not been made: " MARSHALL, C. J., in Brown v. Maryland, 15 Wheaton, 419, 438.

Whether the Acts of May 8, 1876, P. L. 149; March 24, 1877, P. L. 40, and May 18, 1878, P. L. 63, repealed the local acts of 1865, 1866 and 1873, we need not decide, in view of what we have said as to the effect of the act of 1879. Its constitutionality does not seem to be questioned by the appellees, and, though referred to in a passing way by counsel for the appellants, we need not consider it here.

The order of the court below, dismissing the petition of the

appellants, is reversed, and the record remitted, with direction that a writ of peremptory mandamus issue, as prayed for in the petition, the costs below and on this appeal to be paid by the appellees.