# Commonwealth *v.* Basha, Appellant.

*Criminal law and procedure—Intoxicating liquors—Possession and transportation—Indictment—Duplicity—Woner Act of May 5, 1921, P. L. 407.*

An indictment under the Woner Act of 1921, P. L. 407, wherein it is charged that the defendant "did unlawfully transport and possess intoxicating liquor" is not defective for duplicity.

Where two or more forbidden things are but successive steps in the same transaction, or where one of them necessarily involves another they may merge and constitute but a single offense.

The Woner Act of May 5, 1921, P. L. 407, is constitutional.

Argued October 16, 1922. Appeal, No. 61, April T., 1923, by defendant, from judgment of Q. S. Fayette County, March Sessions, 1922, No. 10, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Albert Basha. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for possessing and transporting intoxicating liquor. Before REPPERT, J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* inter alia, were refusal to quash the indictment, overruling motion in arrest of judgment, the judgment and sentence of the court.

*A. E. Jones,* for appellant.—A count of an indictment which charges two distinct, independent offenses is bad for duplicity: Kilrow v. Com., 89 Pa. 480; Com. v. Miller, 107 Pa. 276; Com. v. Ault, 10 Pa. Superior Ct. 651.

*Davis W. Henderson,* Assistant District Attorney, and with him *William A. Miller,* District Attorney, and *H. E. Hackney,* for appellee—It is a well-settled rule that an

indictment is not bad for duplicity if the one act charged results in several crimes, or if several acts charged are merely aspects or stages of one transaction: Fulmer v. Com., 97 Pa. 503; Com. v. Kolb, 13 Pa. Superior Ct. 347; Com. v. Zeitler, 79 Pa. Superior Ct. 81.

OPINION BY PORTER, J., March 2, 1923:

The indictment contained but one count, charging that the defendant "did unlawfully transport and possess intoxicating liquor for beverage purposes, contrary to the form of the act of assembly," etc.   The trial resulted in a verdict of guilty, upon which the court sentenced the defendant, who appeals from that judgment.

The first and second assignments of error are based on the action of the court overruling the motion of the defendant to quash the indictment.   The reasons assigned by the defendant for quashing the indictment were: "First. The indictment charges no offense, it is insufficient on account of indefiniteness and defective for duplicity"; and "Second. That the indictment is drawn under the Woner Act of 1921, P. L. 407, which act is unconstitutional."   The constitutionality of the Woner Act has been established by the decisions of this court and the Supreme Court in the case of Commonwealth v. Alderman, 275 Pa. 483.   The only question to be considered in disposing of these assignments of error, therefore, is: Was the indictment defective for duplicity?   The statute provides that "any person who shall manufacture, sell, offer for sale, furnish, transport, import, export, or possess any intoxicating liquor, within the State, for beverage purposes, except as hereinafter provided, shall be guilty of a misdemeanor," etc.   The statute was enacted for the purpose of giving effect to the Eighteenth Amendment of the Constitution of the United States.   Each of the several acts forbidden may constitute a distinct offense, and it is a well-recognized principle of criminal pleading that an indictment which charges distinct and separate offenses in a single count is, generally, bad for

duplicity: Com. v. Miller, 107 Pa. 276; Kilrow v. Com., 89 Pa. 480. Where, however, two or more of the things forbidden are but successive steps in the same transaction, or where one of them necessarily involves another, they may merge and constitute but a single offense; thus when there is an offer to sell and a sale therefrom resulting, the offer is merged in the sale; and when the possession of liquor is during the course of transportation this constitutes but one offense. While as a matter of public policy each act has been individualized and made to amount to the full and complete offense, the statute has not attempted to change the nature of the acts as possible parts of the same transaction, and where that is in fact the case, and two or more of the enumerated acts are so connected that one necessarily involves the other, they are merged and become but one offense: Com. v. Mentzer, 162 Pa. 646; Com. v. Zeitler, 79 Pa. Superior Ct. 81; Com. v. Kolb, 13 Pa. Superior Ct. 347. Whether the indictment is defective because of duplicity must be determined from an examination of the indictment itself, without reference to the evidence subsequently given: Fulmer v. Com., 97 Pa. 503. It is, however, proper to observe that the evidence in this case was strictly confined to the possession by the defendant of the liquor during the course of transportation. The court did not err in holding that the possession and transportation of intoxicating liquor may properly be charged in one count. The first and second specifications of error are overruled.

The court did not err in overruling the motion in arrest of judgment. The act of assembly under which the indictment was drawn was constitutional. Even if the vice of duplicity could properly be asserted against the indictment, the defendant could not have taken advantage of that by a motion in arrest of judgment: Kilrow v. Com., 89 Pa. 480. The court did not err in refusing binding instructions in favor of the defendant. The question of defendant's guilt was submitted to the jury

in a charge which was impartial and free from error. All the assignments of error are overruled.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.