## Commonwealth v. Asturino.

*Criminal law—Liquor law—Cider and fruit juices—Statutes—Construction—Act of March 27, 1923.*

1. A return of a special verdict in a criminal case is proper where a question of law is involved.

2. Under the proviso in the Liquor Law of March 27, 1923, P. L. 34, "that it shall not be unlawful to manufacture non-intoxicating cider and fruit juices exclusively for use in the private dwelling," the legislature intended to exclude from the general prohibition the manufacture of a non-intoxicating cider or fruit juice, although such cider or fruit juice may, during the subsequent possession by the manufacturer, by natural fermentation, become intoxicating.

3. Only the manufacturer can lawfully be in possession of such wine or cider juice after manufacture.

4. If the possession is changed and the natural fermentation then ensues, the possession by another would constitute an illegal possession.

Indictment for unlawful manufacture and possession of intoxicating liquor. Q. S. Washington Co., May Sess., 1924, No. 87.

*Thomas L. Anderson*, Assistant District Attorney, for Commonwealth.
*Adolph L. Zeman*, for defendant.

CUMMINS, J.—Defendant was indicted and tried on the charge of the unlawful manufacture and possession of intoxicating liquor. The case when called was, by agreement, tried as a test case, in order to secure a judicial construction of a portion of the Act of March 27, 1923, P. L. 34, with the understanding that from whatever conclusion was reached by this court appeal would be taken.

Upon trial the following special verdict was found by the jury:

"And now, to wit, May 9th, 1924, we the Jurors empannelled in the above entitled case, find that the defendant, Dominic Asturino, subsequent to the 27th day of March, 1923, within the county of Washington, Pa., manufactured a fruit juice from grapes, to wit, wine; that said wine, at the time of its manufacture was non-intoxicating, and was manufactured by defendant exclusively for his own use as a beverage in his private dwelling; that said grape juice later, by natural fermentation and without any act on the defendant's part, became intoxicating and was so intoxicating at the time of its seizure in defendant's said dwelling on the day of his said arrest. If this constitutes a violation of the Act of March 27, 1923, P. L. 34, then we find the defendant, Dominic Asturino, guilty; otherwise, not guilty."

The return of such a verdict was proper practice (Com. v. Chathams, 50 Pa. 181; Com. v. Eichelberger, 119 Pa. 254), so that the case is now properly before the court upon motions by counsel for the Commonwealth and defendant respectively for judgment on the special verdict so rendered.

Whether judgment should be entered for the Commonwealth or for the defendant on this verdict depends upon the proper construction of the 3rd section of the Act of March 27, 1923, P. L. 34, popularly known as the Armstrong-Snyder Act. This section provides that "It shall be unlawful for any person to manufacture, . . . possess or deliver within . . . this Commonwealth any intoxicating liquor for beverage purposes: . . . Provided, however, that nothing in this act shall prohibit the alcoholic contents of malt or brewed liquors from exceeding one-half of one per cent. during the process of manufacture only thereof: And provided, further, that it shall not be unlawful to manufacture non-intoxicating cider and fruit juices exclusively for use in the private dwelling."

In construing any statutory enactment, the court must not be guided by

Commonwealth v. Asturino.

what it thinks ought to have been enacted as law or what it might wish the law to be. It can neither read into a statute a provision which is not there (State Highway Route No. 72, 265 Pa. 369, 374; Com. v. Am. C. & F. Co., 203 Pa. 302), nor read out of it a limitation or restriction imposed by the legislature: Philadelphia v. Spring, etc., Market, 161 Pa. 522; Kline v. Wood, 9 S. & R. 294. To attempt either would constitute judicial legislation or an usurpation of the function of the legislature by the judiciary: Erie, etc., R. R. Co. v. Casey, 26 Pa. 287; Kline v. Wood, 9 S. & R. 294. As long as a statute is constitutional, the legislature is the sole judge of its necessity or expediency, and the court cannot refuse to enforce it on any ground whatever, as that it is unjust, unwise, inexpedient or obsolete, or because, in its opinion, it is contrary to any supposed policy or custom: Butler's Appeal, 73 Pa. 448; Com. v. Givin, 21 Pa. Superior Ct. 401; Com. v. Mohn, 52 Pa. 243, 246; Com. v. Gregg, 161 Pa. 582; Com. v. Moir, 199 Pa. 534. The legislature alone can enact laws, while it is the sole office of the judiciary, where they are constitutional, to construe and apply them: Scranton v. Silkman, 113 Pa. 191; Com. v. Fraim, 16 Pa. 163; Bradbury v. Wagenhorst, 54 Pa. 180; Eshleman's Appeal, 74 Pa. 42; Quinn v. Fidelity Ben. Ass'n, 100 Pa. 382.

The basic rule applicable in the interpretation of all legislation is to discover and give effect to the intent of the legislature (Com. v. Fraim, 16 Pa. 163; Quinn v. Fidelity Ben. Ass'n, 100 Pa. 382), and in seeking to ascertain this intent, the courts are obliged to apply to the language used the rules of construction which have been recognized and followed by our courts.

The section of the act in question, as above quoted, consists of a general prohibition against certain acts, which constitutes the enacting clause, and a double proviso clause. The meaning or intent of the enacting clause, as well as that of the first proviso, is obvious, but the meaning of the other proviso is not at first clear.

In construing a general prohibition in the Woner Act of 1921 (P. L. 407), similar to that in the present act, the Superior Court held, in the recent case of Com. v. Basha, 80 Pa. Superior Ct. 320, 321, 322, Porter, J., writing the opinion, that "each of the several acts forbidden [manufacture, possession, sale, etc.] may constitute a distinct offence," but that "where . . . two or more of the things forbidden are but successive steps in the same transaction, or where one of them necessarily involves another, they may merge; . . ." that "while as a matter of public policy each act has been individualized and made to amount to the full and complete offence [yet that] the statute has not attempted to change the nature of the acts as possible parts of the same transaction, and [that] where that is in fact the case, and two or more of the enumerated acts are so connected that one necessarily involves the other, they are merged and become but [one transaction] one offence: Com. v. Mentzer, 162 Pa. 646; Com. v. Zeitler, 79 Pa. Superior Ct. 81; Com. v. Kolb, 13 Pa. Superior Ct. 347." And see Com. v. Wheeler, 75 Pa. Superior Ct. 84, 85; Com. v. Swab, 59 Pa. Superior Ct. 485, 493.

From an application of this principle we are forced to conclude that what the legislature intended to except out of, or save from, the operation of the general prohibition contained in the enacting clause was not merely the manufacture, but the transaction involving both the manufacture and the necessary incidental possession resulting; for the possession resulting is merely a successive step incidental to the manufacture, the act itself providing that such "cider and fruit juices [shall be] exclusively for use in the private dwelling." What, then, is the nature of the transaction excepted from the operation of the general prohibition?

Commonwealth v. Asturino.

This proviso clause can have but one of two possible meanings. It either means that one, after having manufactured non-intoxicating cider or fruit juice, may continue to possess same, notwithstanding the fact that, by natural fermentation, it has become intoxicating, or it means that the cider or fruit juice, which was non-intoxicating when manufactured, must continue to be non-intoxicating during the possession following such manufacture. If the latter construction is correct, then the defendant is guilty; otherwise, not.

The office of a proviso, as stated by Mr. Justice Story in Minis v. United States, 15 Peters (U. S), 445, is "to except something from the enacting clause or to qualify or restrain its generality; . . ." it is "intended to restrain the enacting clause; to except something which would otherwise be within it" (2 Lewis' Sutherland Statutory Construction (2nd ed.), 670, § 351, and cases cited in note 96); it is "something engrafted upon a preceding enactment and is legitimately used for the purpose of taking special cases out of a general class . . ." (Id., 670, 671, and cases cited in note 97); "it is to except something from the operative effect, or to qualify or restrain the generality of the substantive enactment to which it is attached" (Cox v. Hart, 260 U. S. 435, 67 L. Ed. 337); it "is a condition or limitation or qualification" (2 R. & L. Law Dict., 1032); it "is something engrafted upon an enactment and is used for the purpose of taking special cases out of the general act and providing specially for them" (23 Am. & Eng. Ency. of Law, 435). And see 20 P. & L. Dig., col. 35085; 2 Lewis' Sutherland Statutory Construction, 670-675; Sedgwick on Constitutional and Statutory Law, 117; 36 Cyc., 1161; Kensington v. Keith, 2 Pa. 218; Ihmsen v. Monongahela Navigation Co., 32 Pa. 153, and cases cited; Com. v. Summerville, 204 Pa. 300; Portuondo's Estate, 191 Pa. 28, 36; Austin v. United States, 155 U. S. 417.

If the fruit juice or cider, during the possession following manufacture and incidental thereto, was intended to remain non-intoxicating, why except such transaction from the effect or operation of the general prohibition against manufacture, possession, etc., only of intoxicating liquors? If the cider or fruit juice during this possession is to remain non-intoxicating, it could not fall within the scope or operation of such general prohibition, and, therefore, could not be excepted therefrom. "It is a rule of interpretation to which all assent that the exception of a particular thing from general words proves that, in the opinion of the law-giver, the thing excepted would be within the general clause had the exception not been made:" Marshall, C. J., in Brown v. Maryland, 12 Wheat. 419, 438. And see 2 Lewis' Sutherland Statutory Construction (2nd ed.), 670; Com. v. Summerville, 204 Pa. 300, 304. What, then, did the legislature believe to be within and intend to except from the operation of the general prohibition against intoxicating liquors, a transaction which involved an intoxicating drink, or a non-intoxicating beverage? To hold that the legislature believed that a non-intoxicating beverage would be included in the general term of "intoxicating liquors" is an absurdity, and it is said that "every interpretation that leads to an absurdity ought to be rejected:" Potter's Dwarris on Statutes, 128.

For the purpose of interpretation, we will now suppose that the legislature intended that the fruit juice or cider, during the incidental possession subsequent to manufacture, must remain non-intoxicating, and what is the result? This would be extending the enacting clause by the use of a proviso clause so as to regulate certain non-intoxicating beverages, and then we are met with the rule of construction that a proviso clause cannot be, and, therefore, is presumed not to be, used so as to enlarge the scope of the enacting clause, nor

may such clause itself be used as an enacting clause: Jones v. Tatham, 20 Pa. 398; Com. v. Charity Hospital of Pittsburgh, 199 Pa. 119, 122; Folmer's Appeal, 87 Pa. 133.

If the act, by an exception, permits of the manufacture and limited possession of certain specified non-intoxicating beverages, then, applying the maxim *expressio unius est exclusio alterius*, by necessary implication, it follows that the manufacture and possession of all other non-intoxicating beverages is prohibited (Story, C. J., in Brown v Maryland, 12 Wheat. 419, 438; Com. ex rel. v. Summerville, 204 Pa. 300, 304; Penman v. Jones, 256 Pa. 416, 425), notwithstanding the fact that, as indicated by the title to the act, it was intended to prohibit the manufacture, possession, etc., of only intoxicating liquors. Yet it is true that the title to an act is to be considered an important guide in its construction: Brink v. Marsh, 53 Pa. Superior Ct. 293; Philadelphia v. Scott, 81 Pa. 80; Yeager v. Weaver, 64 Pa. 425, 428; Pennsylvania R. R. Co. v. Riblet, 66 Pa. 164; Eby's Appeal, 70 Pa. 311, 314; Halderman's Appeal, 104 Pa. 251, 259.

Arnold v. United States, 147 U. S. 494, 497, 37 L. Ed. 253, is authority for the position that "where a statute is amended by striking out an exception, the intent is clear to put the excepted thing within the operation of the general words:" 2 Lewis' Sutherland Statutory Construction (2nd ed.), 672, § 351. Then it would necessarily follow, if the contention of the Commonwealth is correct, that by amending our present enforcement act by striking out the proviso with reference to cider and fruit juices, the manufacture and possession of these non-intoxicating beverages would be prohibited by the prohibition purporting only to prohibit the manufacture, possession, etc., of intoxicating liquors—an untenable conclusion.

It is significant that the proviso clause itself not only describes the transaction which is excepted out of the general prohibition, but it likewise imposes a limitation or restriction upon this excepted transaction (the manufacture with its consequent possession) by providing that such fruit juice or cider must be "exclusively for use in the private dwelling," thus clearly evidencing the legislative intent to thereby further regulate and limit the use of such intoxicating liquors; for, as already observed, the act was passed to regulate or prohibit intoxicating, not non-intoxicating, beverages.

An unprejudiced application of the rules of construction or interpretation of statutory law to the act in question leads clearly to the inevitable conclusion that the transaction which the legislature intended to except out of, or exclude from, the operation of the general prohibition of the manufacture, possession, sale, etc., of intoxicating liquors, was the manufacture of a non-intoxicating cider or fruit juice, including the necessary possession of the same by the manufacturer as a necessary incident following such manufacture, although such cider or fruit juice may, during such possession, by natural fermentation, become intoxicating.

It must not be understood from the conclusion reached in this case that the manufacture and possession of fruit juices and cider generally is excepted from the operation of the act, for, in the judgment of the writer of this opinion, in a majority of the cases there is a violation of the law. To come within the exception the fruit juice or cider must be non-intoxicating when the process of manufacture is fully completed, and when the process of manufacture ends must depend largely in each case upon the intention of the manufacturer, which, in turn, must be gathered by the jury from all the facts and circumstances incidental to the transaction. In the instant case, however, the jury has already found that the wine in question manufactured

by the defendant was non-intoxicating after the process of manufacture had been fully completed.

It should likewise be observed that only the manufacturer can lawfully be in posesssion of such wine or cider after manufacture, because possession by another clearly would not be incidental to such manufacture, would not be a part of the transaction excepted from the operation of the general prohibition (Com. v. Basha, 80 Pa. Superior Ct. 320, 321, 322), and, hence, would constitute an illegal possession.

In addition to the restriction that such cider or fruit juice shall be "exclusively for use in the private dwelling," such possession is likewise subject to restriction with reference to the possession of intoxicating liquor in one's private dwelling imposed by section 4 of the act, which provides that it shall only be used "for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein, which entertainment shall not be deemed an unlawful furnishing:" Section 4 of the Act of March 27, 1923, P. L. 34. From the conclusions reached, it is clear that the manufacture and possession by this defendant, as described in the special verdict rendered, falls within the intended exception to the general prohibition contained in the act, and that the same does not, therefore, constitute a violation of said act.

And now, to wit, Aug. 18, 1924, for the reasons set forth in the foregoing opinion, the court finds that the defendant is not guilty of the charge of which he stands indicted, and upon the special verdict found judgment is entered against the Commonwealth and for the defendant.

From Harry D. Hamilton, Washington, Pa.