## Commonwealth v. Kooper.

*Liquor law — Criminal law — Cider — Intoxicating liquor — Decisions of Federal courts—Prohibition Enforcement Act of March 27, 1923.*

1. The decisions of the Federal courts as to the manufacture, sale and possession of cider are not binding on the State courts in a prosecution under the Act of March 27, 1923, P. L. 34.

2. A conviction under the Act of March 27, 1923, P. L. 34, may be had for the unlawful possession of intoxicating liquor, where the evidence shows that defendant had in his possession in a store many barrels of cider, that some of the cider had an alcoholic content of from 3 to 7 per cent., and that defendant lived in a city and had bought the cider from a farmer, and that he had not manufactured it for use in his private dwelling.

Motion for new trial and in arrest of judgment. Q. S. Phila: Co., March Sess., 1924, Nos. 224 and 225.

*Michael A. Foley*, Assistant District Attorney, for Commonwealth.

*Charles A. Sowers*, for defendant.

REED, P. J., O. C., 47th judicial district, specially presiding, May 27, 1926.— The defendant, John Kooper, was indicted to Nos. 224 and 225 of the March Sessions, 1925, for the unlawful possession of intoxicating liquor, and the case came on for trial on Nov. 23, 1925, at which time the officers for the Commonwealth testified that they had secured a search warrant for the purpose of investigating the premises of the defendant, located at the southwest corner of 10th and Norris Streets, in the City of Philadelphia, where the defendant was in possession of a building which was used as a dwelling-house and a store. These officers testified that they went to this place on Jan. 31, 1925, and, in searching the premises, found a large quantity of liquid which they designated as cider. Most of this liquid was found in the basement or cellar of the building in barrels. However, two or three jugs of it were upstairs in the storeroom.

The officers seized all of this cider or liquid and took samples from several of the barrels and containers and had it analyzed by a chemist, who testified that some of the samples contained less than one-half of 1 per cent. alcohol, others contained 3 per cent., some 4 per cent. and some as high as 7 per cent. ethyl alcohol.

After this evidence was introduced on the part of the Commonwealth, it rested its case, and then Mr. Sowers made the following motion: "I move that the court strike from the record the testimony of Officer Hilton in this case. In support of my motion to strike from the record, I want, first, to call your Honor's attention to the address of his excellency, the Governor, at the last session of the legislature, when the Dry Bill was before the legislature, and the Governor expressly said that even in that all-powerful bill he would not disturb cider and fruit juices."

This motion was denied by the court and the defendant proceeded to put in his case.

In pursuance of an agreement between the district attorney and counsel for the defendant, the following offer was made and received in evidence and not objected to: "My offer is that if the farmer were called here, he would testify that he pressed this particular liquor from apples on one day, or on several days, and on the day of pressing it, he pressed it and delivered it to this man, in his cellar, so that the pressing and all was complete in one day, and fresh, and that on the delivery of the cider to the defendant, he then

placed in each and every barrel a quantity of benzoate of soda, exceeding one-tenth of 1 per cent., for the purpose of preserving it."

It will be seen by this offer that the farmer from whom the cider was purchased stated that this particular liquid was pressed from apples on one day or on several days, and on the day of pressing it, it was delivered to the defendant, in his cellar, so that the pressing and delivery were completed in one day, and that on the delivery of the cider to the defendant, he placed in each and every barrel a quantity of benzoate of soda, exceeding one-tenth of 1 per cent. The defendant and his wife also testified that at the time this cider was delivered to him the farmer from whom it was purchased had placed therein a quantity of benzoate of soda, exceeding one-tenth of 1 per cent. This for the purpose of complying with certain provisions of the law relating to the sale of cider and for the purpose of preventing it from fermenting and becoming intoxicating.

At the conclusion of the testimony, the court submitted the case to the jury in a charge, wherein he called its attention to the provisions of the Act of March 27, 1923, P. L. 34, giving it the definition as contained in the act of the phrase "intoxicating liquor," and also reading to it sections 3 and 13 of said act, as well as affirming the first point submitted by counsel for the defendant, which was as follows: "1. If you should find under all the evidence that the defendant had within his possession a certain quantity of cider, all of which was not intoxicating in fact, or capable of producing intoxication in its general, ordinary and commonly understood sense, then your verdict must be not guilty."

Counsel for defendant also asked the court to call the jury's attention to the provisions of the Volstead Act relating to non-intoxicating fruit juices, which was accordingly done by the trial judge.

After due deliberation, the jury brought in a verdict of guilty as indicted, after which counsel for defendant moved for a new trial and in arrest of judgment.

One of the points submitted by counsel for the defendant was: "Under all the evidence in the case, your verdict must be not guilty." This point was denied by the court.

The matter is now before us on a motion for a new trial and in arrest of judgment, and we have the burden of determining whether or not there was sufficient evidence in the case that would warrant the jury in finding the defendant guilty of the unlawful possession of intoxicating liquor, and, in order to determine that question, it is necessary for us to review to some extent the act of assembly upon which the indictment was founded and the decisions of the courts construing the provisions of that act.

Section 3 of the Act of March 27, 1923, provides: "It shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess, or deliver within, or import into, or export out of, this Commonwealth any intoxicating liquor for beverage purposes, except as hereinafter set forth: Provided, however, that nothing in this act shall prohibit the alcoholic contents of malt or brewed liquors from exceeding one-half of 1 per cent. during the process of manufacture only thereof: And provided, further, that it shall not be unlawful to manufacture non-intoxicating cider and fruit juices exclusively for use in the private dwelling."

In the case of Heitler v. United States, 43 Sup. Ct. Repr. 185, it was said: "The purpose of Title Two of the National Prohibition Act is to enforce the 1st section of the amendment, which prohibits the manufacture, sale or trans-

portation of intoxicating liquors, and that act is within the power conferred upon Congress to make the prohibition effective."

"Although the line which divides intoxicating from non-intoxicating liquors is by no means agreed upon as a scientific fact, Congress has power to treat all liquors containing one-half of 1 per cent. or more of alcohol by volume which are fit for use for beverage purposes as within the prohibition of the amendment:" The Law of Prohibition, Volstead Act Annotated by McFadden, page 9.

And in the same work, on page 295, section 270, under the title "Cider," it is said: "The provision of this act which prohibited the importation of all alcoholic liquors included cider if it contained enough alcohol to render it intoxicating. But cider was not a vinous liquor within the meaning of the act, and, regardless of its alcoholic content, the manufacture or sale thereof was not prohibited." And on page 299, section 278, in the same work, under "Sale," it is said: "In United States *v.* Dodson, 268 Fed. Repr. 397, a criminal information charged the defendant with the sale of cider containing more than one-half of 1 per cent. of alcohol. The evidence showed that the cider sold was sweet cider, containing less than the percentage charged in the information, although it later developed a larger content, and the court (Bledsoe, J.) held that the charge laid in the information was not sustained."

It is urged by counsel for the defendant that these decisions in the United States courts are binding upon this court in determining whether or not the defendant can be held under this indictment for the possession of cider which contained more than one-half of 1 per cent. ethyl alcohol. The trial judge in this case cannot agree with this contention of counsel for the defendant, for the reason that the defendant has been indicted under the provisions of the Act of March 27, 1923, and the exception in that act is clearly and definitely stated therein in the following language: "That it shall not be unlawful to manufacture non-intoxicating cider and fruit juices exclusively for use in the private dwelling."

In the case at bar the defendant did not manufacture this cider for his exclusive use in his private dwelling. Neither did he contend at the time of the trial that he had purchased it for his own exclusive use in his private dwelling (although, in the opinion of the court, that would not have been a good defence when he had not manufactured it), but the evidence shows clearly that the cider was made by this farmer, that it was sold by this farmer and purchased by the defendant, and that when it was found in the possession of the defendant at least part of it was an intoxicating beverage which contained upwards of one-half of 1 per cent. and some of it at least 7 per cent. alcohol, and the court having submitted to the jury the fact as to whether or not this liquid was intoxicating, and the jury having found under the evidence that it was, we believe that the defendant having this intoxicating liquid in his possession by purchase and not by manufacture, it was a violation of the provisions of the Act of March 27, 1923, and, therefore, the verdict of the jury was proper and should be sustained.

Our attention has been called to the case of Com. *v.* Asturino, 6 D. & C. 537, wherein Judge Cummins, in a well-considered and learned opinion, held that under the proviso in the Liquor Law of March 27, 1923, P. L. 34, "that it shall not be unlawful to manufacture non-intoxicating cider and fruit juices exclusively for use in the private dwelling," the legislature intended to except out of, or exclude from, the operation of the general prohibition, the manufacture of a non-intoxicating cider or fruit juice, although such cider or fruit juice may, during the subsequent possession by the manufacturer, by natural

Commonwealth *v.* Kooper.

fermentation, become intoxicating; and Judge Cummins also said: "It is significant that the proviso clause itself not only describes the transaction which is excepted out of the general prohibition, but it likewise imposes a limitation or restriction upon this excepted transaction (the manufacture with its consequent possession) by providing that such fruit juice or cider must be 'exclusively for use in the private dwelling,' thus clearly evidencing the legislative intent to thereby further regulate and limit the use of such intoxicating liquors; for, as already observed, the act was passed to regulate or prohibit intoxicating, not non-intoxicating, beverages. . . . It must not be understood from the conclusion reached in this case that the manufacture and possession of fruit juices and cider generally is excepted from the operation of the act, for, in the judgment of the writer of this opinion, in a majority of the cases there is a violation of the law. To come within the exception, the fruit juice or cider must be non-intoxicating when the process of manufacture is fully completed, and when the process of manufacture ends must depend largely in each case upon the intention of the manufacturer, which, in turn, must be gathered by the jury from all the facts and circumstances incidental to the transaction. In the instant case, however, the jury has already found that the wine in question manufactured by the defendant was non-intoxicating after the process of manufacture had been fully completed.

"It should likewise be observed that only the manufacturer can lawfully be in possession of such wine or cider after manufacture, because possession by another clearly would not be incidental to such manufacture, would not be a part of the transaction excepted from the operation of the general prohibition (Com. *v.* Basha, 80 Pa. Superior Ct. 320, 321, 322), and, hence, would constitute an illegal possession."

Under the rulings in the above case, which appeal to the court as being sound, it would appear that the defendant had violated section 3 of the Act of March 27, 1923, by having in his possession this intoxicating fruit juice, not having manufactured it himself for his exclusive use in his private dwelling; nor was there any evidence in the case that would warrant the jury in finding that he had this intoxicating cider in his possession "for the personal consumption of the owner thereof and his family residing in such dwelling and by his *bona fide* guests when entertained by him therein, which entertainment was not to be deemed unlawful furnishing." On the other hand, the defendant testified that he had purchased this liquid for the purpose of sale, on page 20 of testimony, as follows: "Q. What were you doing with all this cider? A. Why, selling it. Q. When is the season for you to sell it? A. I sell all year round. Q. How long have you been selling cider? A. Well, I sell cider since I am in Philadelphia. Q. How many years is that? A. Seven years. Q. Seven years? A. Yes. Q. And from October to the end of January, the whole winter season, you sold about three or four barrels of cider in the winter season? A. Yes. Q. What were you going to do with the twenty-nine barrels? A. In the summer-time I sell, the same as in the winter-time. Q. You don't sell cider in the winter—in the warm weather you sell cider, do you? A. Yes."

A careful, conscientious consideration of all the evidence in the case in connection with the act of assembly upon which the indictment was founded, and particularly having in mind the purpose of the Act of March 27, 1923, as being an enabling act largely for the enforcement of the provisions of the Volstead Act to prohibit the manufacture and possession of intoxicating liquor for beverage purposes, can only bring this court to the conclusion that

the possession by John Koeper, the defendant, of the cider found on his premises, which contained sufficient alcohol to make it intoxicating in character, was in violation of the act of assembly under which he was indicted, and, inasmuch as the jury has found as a fact that this cider contained sufficient alcohol to make it intoxicating, we hold that the defendant was properly indicted and convicted, and, therefore, all the reasons for a new trial as well as the motion in arrest of judgment are overruled.

And now, May 27, 1926, for the reasons above stated, all the reasons for a new trial are overruled and the motion for arrest of judgment is denied.