## Sanner et ux. v. U. S. Transfer Co. et al.

*Scanlan & Harkins,* for plaintiffs.

*H. E. Simmons* and *Wiltman, Burns & Sach,* for garnishee.

GREER, J., February 10, 1936.—The plaintiffs, residents of Cambria County, obtained a judgment against the defendants for damages arising out of a motor vehicle collision in said county. One of the defendants, B. J. Stettler, owner of the vehicle causing the accident, is a resident of the State of New York, and the other defendant, U. S. Transfer Company, the lessee of the vehicle, is a corporation with its principal place of business in Allegheny County.

When the case was put upon the trial list notice was given to The Ocean Accident and Guarantee Company, Ltd., a foreign corporation, insurer of the defendant U. S. Transfer Company. The jury found a verdict in favor of the husband in the sum of $1,611.08, and in favor of the wife in the sum of $500.

Subsequently a writ of attachment was issued against the Ocean Accident and Guarantee Company, Ltd., as

garnishee, and served by the Sheriff of Cambria County deputizing the Sheriff of Allegheny County, in which county the garnishee had one of its principal offices. An alias writ of attachment also issued, and was served upon the Insurance Commissioner of Pennsylvania, whereupon the garnishee caused its appearance to be entered de bene esse and presented its petition for a rule to show cause why the service of process against it should not be set aside for want of jurisdiction in the court issuing the writ. This presents the question for our determination.

If this were the usual case of garnishment there would be merit in this contention under the authority of Park Brothers & Co., Ltd., v. Oil City Boiler Works, 204 Pa. 453; but writs against insurance companies come under a different rule.

The Act of April 8, 1868, P. L. 70, unrepealed, being an amendment to the Act of April 24, 1857, P. L. 318, likewise unrepealed, gives jurisdiction to the court of the county of the residence of the insured: Quinn v. Fidelity Beneficial Assn., 100 Pa. 382; Mazurek v. Farmers' Mutual Fire Insurance Company of Jamestown, 320 Pa. 33.

In the former case in the course of his opinion, Mr. Justice Sterrett remarks:

"Prior to the passage of that act [1857], the class of suitors, intended to be benefited thereby, was obliged to seek redress in the courts of the county where the insurance companies might be located. This was generally attended with great inconvenience and expense in procuring testimony and securing the attendance of witnesses at points often very remote from their homes and the locality of the loss."

He concludes his opinion by holding that under the Act of 1857, supra, as supplemented by that of 1868, supra, suit may be brought against a life insurance company in the county where the person insured resides.

The Act of 1868, supra, by its terms applies to both life and accident insurance companies.

A debt, due by a foreign corporation registered in Pennsylvania to another foreign corporation, may be attached in this State, whether the debt be attachable in attachment execution or in foreign attachment: Wiener, to use, v. American Insurance Company of Boston, 224 Pa. 292.

"Insurance contracts generally, as related to third party beneficiaries, are in a class by themselves. An action may be maintained directly thereon against the insurer . . .

"While the claimant is uncertain until an accident happens, that event fixes legal responsibility, as to person, time and place": A. Rose & Son, Inc., to use, v. Zurich General Accident, etc., Co., 296 Pa. 206, 210.

In a particularly comprehensive opinion in that case the present Chief Justice Kephart makes it clear that automobile public liability insurance is no different in legal effect from ordinary life insurance or mortgagee insurance contracts: page 311; and adds that the legal plaintiff may also be made a party.

The third party beneficiary thus being given the status of the original beneficiary after the accident happens, and the legal responsibility having become fixed as to person, time and place, it must follow as a necessary conclusion that the third party beneficiary may have his right of action in the county of his residence pursuant to the statute of 1868, which gives such right of action to the party originally insured; otherwise confusion would result. For example, should the original beneficiary join with the third party beneficiary in an action against the insurer, the insured could establish jurisdiction in the court of his residence, and the other party plaintiff could not establish jurisdiction, because of his residence in another county.

"All debts are payable everywhere, unless there be some special limitation or provision in respect to the

payment; the rule being that debts as such have no locus or situs, but accompany the creditor everywhere . . .

"Jurisdiction to fasten choses in action by garnishee process depends upon the ability to serve that process upon the debtor of the absent defendant within the jurisdiction of the court": Wiener, to use, v. American Insurance Company of Boston, supra, p. 295.

Process in the present case can be and was properly served upon the garnishee within the State, by service both at one of its principal offices and also upon the Insurance Commissioner.

". . . at common law jurisdiction of a suit against a person for a personal tort is transitory, extending over the State. Any court has jurisdiction of the subject-matter and may entertain such action if jurisdiction of the person of the defendant in such cases can be had by a service of process on him in the county where the action was instituted. And in this type of case—automobile accidents . . . the legislature may . . . extend the jurisdiction of the court over the person of a defendant where he may be found within the State, if the suit is brought in the county where the cause of action arose": Gossard v. Gossard, 319 Pa. 129, 134.

And by parity of reasoning, since insurance contracts generally as related to third party beneficiaries are in a class by themselves, and an action may be maintained directly thereon against the insurer, like jurisdiction is extended over the person of the insurer where the cause of action arises, in an action brought by a third party beneficiary in the case of an automobile accident.

Therefore, February 10, 1936, the rule heretofore granted is discharged, and the garnishee is allowed 15 days within which to file answers to the interrogatories.

From Henry W. Storey, Jr., Johnstown.